John W. WEST, Plaintiff,

v.

MARINE RESOURCES COMMISSION, etc., Defendant.

John W. WEST, Plaintiff,

v.

M/V COAN RIVER, etc., et al., Defendants.

Civ. A. Nos. 9–70–NN, 144–69–NN.

United States District Court, E. D. Virginia, Newport News Division.

Nov. 2, 1970.

---

Burt M. Morewitz, Newport News, Va., for plaintiff.

Williams, Worrell, Kelly & Worthington, Jack E. Greer, Norfolk, Va., for Marine Resources Commission.

Vandeventer, Black, Meredith & Martin, Charles F. Tucker, Norfolk, Va., for individual defendants.

## OPINION AND ORDER

KELLAM, District Judge.

John W. West filed these two actions on November 17, 1969, and January 20, 1970, each asserting the same cause of action against the Marine Resources Commission and against the individual employees and vessels of the Commission. In each case West alleges a claim under the Jones Act, 46 U.S.C. § 688, for negligence as well as claims under the general maritime law for (1) unseaworthiness, (2) maintenance and cure, and (3) "wilful failure and refusal" to provide maintenance and cure. The complaints allege that on March 28, 1964, during the course of West's em-

ployment with the Commission of Fisheries (now Marine Resources Commission), he sustained injuries to his back while working aboard the M/V COAN RIVER, that the injury was reported to the Commission or its agents, and that the Commission investigated the injury prior to July 1, 1964.

Defendants have moved to dismiss, asserting that (1) the claims are barred by the applicable statute of limitations and laches, and (2) the Commission is an agency of the Commonwealth of Virginia and that, therefore, the Commission and its employees are entitled to the same immunity from suit to which the Commonwealth is entitled.

Before discussing these defenses, it is apparent that West's claim against the individual defendants must be dismissed. These claims may be maintained only against an employer or the owner of the vessel on which an alleged injury occurs. West has not stated a cause of action against the individual defendants or against the M/V PAGAN and the M/V GLAMOUR GIRL. The Jones Act gives a seaman a cause of action against his employer for an injury caused by the employer's negligence; however, none of the individual defendants was West's employer. For the same reason, none of the individuals owed any duty to furnish West with a seaworthy vessel or to provide him with maintenance and cure. The individual defendants, like West, were merely employees of the Commission. Under these circumstances, West's claim against the individual defendants must be dismissed.

Likewise, West has stated no cause of action against the vessels M/V PAGAN and M/V GLAMOUR GIRL. The complaints assert only that these vessels operated in a flotilla with the M/V COAN RIVER, on which West served as the mate. There is no allegation that West was even aboard either of these vessels on the day in question. The fact that these vessels operated with the COAN RIVER does not give West any claim against them unless their neg-

ligent operation caused his injury. There is no such allegation. Concerning the PAGAN and GLAMOUR GIRL, the complaint fails to state any claim upon which relief can be granted, and, accordingly, West's claim against those vessels must be dismissed.

Defendants' motion to dismiss on the sovereign immunity and limitation questions was submitted on affidavit, but in an opinion entered March 31, 1970, 312 F.Supp. 1038, this Court postponed decision pending presentation of additional facts. The assertions in the affidavits were insufficient for making any determination. Since each of West's actions involves the same claim, decision on the motion to dismiss will apply to each, irrespective of the dismissal of West's claim against the individual defendants and vessels.

■ In the March 31, 1970 opinion, this Court determined that West's cause of action accrued on March 28, 1964, because there was no contention that the injury failed to manifest itself until the lapse of an extended period of time after the alleged accident. Since the three year limitation period prescribed for Jones Act cases had expired with no facts asserted to justify tolling the statute, West's Jones Act claims were barred. This factor, however, may not in and of itself bar his claims under the general maritime law.

■ There is no federal statute of limitations applicable to admiralty actions for unseaworthiness or maintenance and cure; the equitable doctrine of laches applies to these maritime causes of action. See generally Baer, Admiralty Law of the Supreme Court § 1–10 (2d ed. 1969). In the leading case on this question, McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), the Supreme Court held that where an action for unseaworthiness is combined with one under the Jones Act, the limitation period for the unseaworthiness claim could not be less than that for the Jones Act claim. Subsequent case law, however,

indicates that "McAllister has effectively invoked a three-year limitation as to a personal injury action predicated upon unseaworthiness." Banks v. United States Lines Co., 293 F.Supp. 62, 66 (E. D.Va.1968). This appears to be what Mr. Justice Brennan meant in his concurring opinion in McAllister, 357 U.S. at 229, 78 S.Ct. at 1206, when he concluded that a seaman's action for damages based on unseaworthiness should be accorded a three year limitation.

> Just as equity follows the law in applying, as a rough measure of limitations, the period which would bar a similar action at law, see Russell v. Todd, 309 U.S. 280, 287 [60 S.Ct. 527, 530, 84 L.Ed. 754], I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688. This reference seems especially appropriate since the seaman's remedy for unseaworthiness under the general maritime law and his remedy for negligence under the Jones Act are but two aspects of a single cause of action. Baltimore S. S. Co. v. Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069].

It thus seems to me that the three-year limitation on the Jones Act remedy, 45 U.S.C. § 56, is the ready and logical source to draw upon for determining the period within which this federal right may be enforced.

■ This Court noted in the March 31, 1970 opinion, however, that the rule of Giddens v. Isbrandtsen Co., 355 F.2d 125 (4th Cir. 1966), must be applied to the principle expressed by Mr. Justice Brennan. Giddens held that the defense of laches "is sustainable only on proof of both * * * (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." 355 F.2d at 127. Giddens also held that there is a presumption of prejudice to a defendant with respect to a claim for damages based on unseaworthiness asserted more than three years after the cause of ac-

tion has arisen and that the burden shifts to the plaintiff to rebut this presumption. See Riddick v. Baltimore Steam Packet Co., 374 F.2d 870 (4th Cir. 1967). Additionally, the Third Circuit Court of Appeals has held that a plaintiff must also overcome a presumption of inexcusable delay when his action is not filed within the three year period. See Lipfird v. Mississippi Valley Barge Line, 310 F.2d 639, 642 (3d Cir. 1962). In ascertaining whether a particular action is barred by the doctrine of laches, a court must balance the plaintiff's delay with his excuse for it, against any consequent detriment to the defendant. This determination requires a weighing of equities; this, in turn, depends on the facts of each case.

At the evidentiary hearing on August 20, 1970, it developed that West's alleged injury occurred on March 28, 1964, when West assisted in pulling the body of a drowned waterman from the James River. Apparently West made no complaint or otherwise indicated any injury at that time. Later that day when the M/V COAN RIVER was tying up after its daily patrol, West told W. N. Hogge, master of the COAN RIVER, that "he might have hurt his back" while pulling the body from the water. The complaint was not mentioned again and West continued to work for over two weeks until he left the Commission late in April, 1964. As noted in the March 31, 1970 opinion, there is no contention that there was any delay in discovering the injury; the complaints merely allege that West's physical and mental condition prevented him from instituting these actions earlier. However, the evidence presented at the hearing simply does not support this conclusion.

The evidence plainly demonstrates that West was aware of the injury and any claim he may have had; that he actually retained an attorney to represent his interests; and that he wrote letters regarding his complaints to the Commission and to the Governor of Virginia. West did receive some medical treatment following the alleged injury, and he was hospitalized three times from August, 1965 to May, 1969, each time for about three weeks, and about two years apart. Each of these periods of hospitalization pertained to West's back, but other evidence showed that West has a history of back trouble and that he is collecting a pension from the Veterans Administration. There was no evidence of any mental condition which incapacitated West during the three years following the alleged injury. Under these circumstances, it is clear that West's delay in instituting these actions is inexcusable and that he has made no satisfactory explanation of the delay.

Evidence on the question of prejudice likewise demonstrates that West has failed to carry his burden of showing that the defendants were not prejudiced by his delay. These actions were not filed until nearly six years after the alleged injury, but West merely alleges that the defendants were not prejudiced by the delay because all but one of the witnesses, the individual defendants, are available and still employed by the Commission. This, without more, is not sufficient to overcome the presumption of prejudice; in addition, the defendants introduced unrebutted evidence of actual prejudice. In November, 1969, when West's first suit was instituted, the Commission discovered that because of its method of destroying old files and reports, information relevant to West's claim including letters and boat reports, was not available. One letter supplied by West showed that Aetna Casualty & Surety Company did investigate the claim after it was reported by West's supervisor and determined that West had no legitimate claim. At the hearing, an Aetna representative testified that the Company no longer had any records of the investigation, because the Company destroys such records in the normal course of business two years after a file is closed. The evidence showed that there were no records of West's claim in the Norfolk, Richmond or home offices of the Company. There is also the fact that more than six years have

now passed since the alleged injury occurred and that time and intervening events tend to dim the memories of witnesses.

■ The fact that there are medical records concerning West's three periods of hospitalization does not cure the problem. West has not even shown that the doctors who examined him are available to testify. Additionally, the defendants should have an opportunity to conduct their own medical examination within a reasonable time following the alleged injury. Nearly six years is not a reasonable time. On the whole, it cannot realistically be said that West has overcome the presumption of prejudice caused by the delay. Under these circumstances, the doctrine of laches should bar West from maintaining his claims. Accordingly, the unseaworthiness counts in each of West's actions are dismissed.

■ West argues that his claims for maintenance and cure are contractual and should, therefore, stand on a different basis from his unseaworthiness claims. The argument is that contract claims against the Commonwealth of Virginia are governed by a ten year statute of limitations, Code of Virginia § 8–757 (1950), and that this ten year period should be the appropriate guideline for determining whether a maintenance and cure claim should be barred by the doctrine of laches. For reasons to be explained below, West's argument is not accepted as the proper test in this case.

■ It is true that no federal statute of limitations governs claims for maintenance and cure. However, the absence of specific Congressional direction does not necessarily lead to the result that the State statute of limitations should apply in such cases. This is especially true where the Court can look elsewhere to determine what time limitations should be applicable to a seaman's federal rights. See McAllister v. Magnolia Petroleum Co., supra (concurring opinion of Brennan, J.). Maintenance and cure, like unseaworthiness, is peculiar to maritime law and insofar as possible should be governed by federal law. Although maintenance and cure varies from unseaworthiness in the elements of proof, types of defenses, and extent of recovery, both are maritime and maritime principles should apply to both. In this respect, the three year period applicable to Jones Act and unseaworthiness claims appears to be the most appropriate guideline for determining laches in a seaman's claim for maintenance and cure. West's claims for maintenance and cure are based on the same alleged injury as his negligence and unseaworthiness claims. To the extent that those claims must be brought within a three year period, so should West's claim for maintenance and cure. The three year limitation period for bringing Jones Act cases relates to personal injuries in a maritime setting. "Presumably it was adopted with seamen's circumstances in mind." Giddens v. Isbrandtsen Co., 355 F.2d at 127. This Court has already applied the three year period to West's unseaworthiness claims, and it is apparent that the same limitation should similarly apply to a claim for maintenance and cure when that claim arises from the same alleged injury that leads to claims for negligence and unseaworthiness. In Giddens, the Court of Appeals noted that state limitation periods whether greater or less than three years may be considered in determining what is prejudicial delay. Since the issue in deciding whether laches bars a particular claim is prejudice, it seems obvious that a defendant is no less prejudiced by a delay of nearly six years for a maintenance and cure claim than by the same delay for an unseaworthiness claim, especially when both claims arise from the same incident. The same medical factors relevant to the unseaworthiness claim are applicable to the claim for maintenance and cure in the sense that the defendants should have the same opportunity to examine the plaintiff while his injury is relatively recent. For the same reasons that West may not maintain his unseaworthi-

ness claim, he should also be barred from prosecuting his belated claim for maintenance and cure. These claims are dismissed.

With this disposition of both cases on the laches issue, there is no need to discuss the defendants' other contention that West's claims should be barred by the doctrine of sovereign immunity.

Accordingly, the actions are dismissed.