**Robert R. WURZ and Margie Wurz, his wife, Plaintiffs,**

**v.**

**SANTA FE INTERNATIONAL CORPORATION and Santa Fe-Pomeroy Services Company, Defendants.**

**Civ. A. No. 76–216.**

United States District Court, D. Delaware.

Nov. 29, 1976.

---

Thomas G. Hughes of O'Donnell & Hughes, Wilmington, Del., Bernard Sacks, Philadelphia, Pa., of counsel, for plaintiffs.

Richard S. Gebelein of Wilson & Whittington, Wilmington, Del., and Norman A. Sauer of Davis & Sauer, San Francisco, Cal., of counsel, for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Plaintiffs Robert Wurz and his wife Margie Wurz bring this suit seeking compensation for personal injuries that Wurz allegedly suffered on three different occasions while employed as a marine pipe layer superintendent aboard a barge allegedly owned and operated by the defendants. Federal court jurisdiction is predicated on the Jones Act (46 U.S.C. § 688) and on the general maritime law of the United States. Plaintiffs' complaint, which was filed on July 2, 1976, is based on three distinct causes of action: (1) negligence; (2) unseaworthiness (all alleged by Robert Wurz); and (3) loss of services, society and consortium (alleged by Margie Wurz). An amended complaint based on these same three causes of action but adding a party defendant (Santa Fe-Pomeroy Services Co.) was filed July 19 and served on the defendants July 23, 1976. On August 12, 1976 the defendants filed and served on the plaintiffs an answer denying the material allegations of the amended complaint. On September 8, 1976 the defendants filed an amended answer which included four affirmative defenses, viz., (1) the complaint fails to state a claim upon which relief can be granted; (2) improper venue; (3) assumption of the risk; and (4) laches.[1]

Now before the Court is the plaintiffs' motion, pursuant to Rule 12(f), F.R.Civ.P., to strike the second, third and fourth affirmative defenses from the defendants' amended answer. The plaintiffs' contentions in support of the motion to strike can be briefly stated as follows: The defense of improper venue was not seasonably asserted, as required by Rule 12(h), F.R.Civ.P., and is waived; assumption of the risk cannot be asserted as a defense to an action based on negligence under the Jones Act or based on unseaworthiness under the general maritime law; and, finally, the defense of laches is insufficient as a matter of law because a statute of limitations for a shorter period of time than the three-year limitation period provided by the Jones Act cannot be applied so as to bar a claim under the general maritime law for unseaworthiness. Similarly, the essence of the defendants' contentions can be succinctly stated: Although the challenge to venue was not timely raised,[2] the Court, in the interests of justice, can still consider the merits of the defendants' objection to venue; assumption of the risk can be asserted in mitigation of damages for a claim based on negligence under the Jones Act; and, finally, by analogy to the Delaware two-year statute of limitations for personal injury actions,[3] the Court should consider the staleness of the plaintiffs' unseaworthiness claims.

---

1. The laches defense applies only to Count I and parts of Counts II and IV of the amended complaint which allege that the vessel was unseaworthy at the time the first injury allegedly occurred on July 23, 1973.

2. See Defendants' Answering Brief. Docket Item 18 at 4.

3. 10 Del.C. § 8119.

The Court, having considered the applicable law and the briefs submitted by the parties, concludes that the plaintiffs' motion to strike the second, third and fourth affirmative defenses from the defendants' amended answer is well-taken.

■ Defendants are precluded from asserting the defense of improper venue by the express terms of Rule 12(h)(1), F.R. Civ.P., which provides that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof *permitted by Rule 15(a) to be made as a matter of course.*" (Emphasis added). Rule 15(a) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time *within 20 days after it is served.*" (Emphasis added). Defendants' amended answer was filed September 8, 27 days after the answer was served on the plaintiffs on August 12, 1976. Thus the challenge to venue, raised for the first time in the amended answer, did not "qualify as one described in waiver Rule 12(h) as 'an amendment thereof permitted by Rule 15(a) to be made as a matter of course.'"[4] *Konigsberg v. Shute,* 435 F.2d 551, 552 (C.A. 3, 1970); *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (C.A. 3, 1944). Because the defendants failed to assert the defense of improper venue within the time prescribed by the rules, it is waived. Accordingly, the second affirmative defense of improper venue will be stricken from the amended answer.

■ Defendants' third affirmative defense—assumption of the risk—is insufficient as a matter of law because "every vestige" of that doctrine has been completely "obliterated" by statute[5] from actions under the Federal Employers' Liability Act (45 U.S.C. §§ 51–60) and from actions under the Jones Act.[6] *See Tiller v. Atlantic Coast Line R.R.,* 318 U.S. 54, 58, 63 S.Ct. 444, 87 L.Ed. 610 (1943); *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939). Nor is such a defense available in an action under the general maritime law for unseaworthiness. *The Arizona v. Anelich,* 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075 (1936); *Socony-Vacuum Oil Co. v. Smith, supra* ; G. Gilmore & C. Black, The Law of Admiralty 351–55. Therefore, defendants' third affirmative defense of assumption of the risk is insufficient as a matter of law and will be stricken.

■ Finally, since claims under the Jones Act for negligence and under the general maritime law for unseaworthiness are but alternative "grounds" for a single cause of action and since seamen have a right, by

---

4. The Notes of the Advisory Committee to Rule 12(h) state that—

the specified defenses [*i. e.*, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process] . . . are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading. Since the language of the subdivision is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver.

See also *H & F Barge Co., Inc. v. Garber Bros., Inc.,* 65 F.R.D. 399, 405 (D.La.1974); 2A Moore's Federal Practice ¶ 12.23 at 2455 (2nd ed. 1975).

5. 45 U.S.C. § 54.

6. The Jones Act incorporates the provisions of the FELA, 46 U.S.C. § 688. Thus 45 U.S.C. § 54, which abolishes assumption of the risk as a defense in actions under the FELA, also applies to actions under the Jones Act. *See The Arizona v. Anelich,* 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075 (1936); *Beadle v. Spencer,* 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082 (1936); *Rivera v. Farrell Lines, Inc.,* 474 F.2d 255 (C.A. 2, 1973); *Fonsell v. New York Dock Ry.,* 198 F.Supp. 332 (D.N.Y.1961); G. Gilmore & C. Black, The Law of Admiralty 351–55 (2nd ed. 1975).

statute, to bring their actions under the Jones Act within three years,[7] a shorter limitations period cannot be imposed upon the unseaworthiness claim so as to effectively diminish the three-year life of a Jones Act claim. *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 225 n. 6, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958); *G. Gilmore & C. Black, supra* at 352 n. 159a. Moreover, the Third Circuit has squarely held that the "analogous statute of limitations against which the timeliness of plaintiffs' unseaworthiness claim is to be measured is the three-year limitation contained in the Jones Act." *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1256 (D.Del.1975) *citing Ward v. Union Barge Line Corp.*, 443 F.2d 565, 568 (C.A. 3, 1971); *Lipfrid v. Mississippi Valley Barge Line Co.*, 310 F.2d 639, 641 (C.A. 3, 1962).

Since the plaintiffs' complaint and the amended complaint were filed within three years of the date when the cause of action arose[8] and are based on the Jones Act as well as on unseaworthiness, the doctrine of laches does not militate against the maintenance of the unseaworthiness claim. *McAllister v. Magnolia Petroleum Co., supra; see Ward v. Union Barge Line Corp., supra; Francis v. Pan American Trinidad Oil Co., supra; Thomas v. C. J. Langenfelder & Son, Inc.*, 324 F.Supp. 325 (D.Md.1971); *West v. Marine Resources Comm'n*, 330 F.Supp. 966 (D.Va.1970). Defendants' fourth affirmative defense of laches is insufficient as a matter of law and will be stricken from the amended answer.

An order will be entered in accordance with this memorandum opinion.

---

7. 45 U.S.C. § 56.

8. The complaint was filed on July 2 and the amended complaint on July 19, 1976. The events giving rise to the plaintiffs' claims occurred on July 23, 1973, February 26 and March 12, 1976, all within the three-year statute of limitations provided by 45 U.S.C. § 56.