## CIRCUIT COURT OF THE CITY OF ROANOKE

Gary W. Chandler

v.

Norfolk and Western Ry. Co.

March 31, 1989

Case No. CL88000849

By JUDGE ROY B. WILLETT

The Plaintiff, Gary Whitmore Chandler (hereinafter "Plaintiff"), was an employee of the Defendant, Norfolk & Western Railway Company (hereinafter "N & W"). The Plaintiff filed a Motion for Judgment against N & W based upon the Federal Employers' Liability Act (hereinafter "FELA").[1] The lawsuit before this Court is the third lawsuit Plaintiff has filed based upon the same personal-injury claim. The first lawsuit was filed in the City of Norfolk Circuit Court; there was an objection by the Defendant to the Norfolk venue, and the Norfolk Circuit Court transferred the case on venue grounds to this Court. The Clerk of this Court assigned this case the number CL87000868. After the transfer to the Roanoke City Circuit Court, no further question of venue was raised in this court, and thereafter Plaintiff voluntarily nonsuited the then pending Roanoke City Circuit Court law action. The voluntary nonsuit was taken in Roanoke City Circuit Court Case Number CL87000868 on April 20, 1988. Plaintiff then instituted suit in the United States District Court for the Western

---

[1] Title 45, Section 51, et seq., U.S.C.A.

District of Virginia. When the suit was filed in the District Court for the Western District of Virginia, three years had elapsed from the date of the Plaintiff's alleged injury. The suit was filed in the Federal District Court on May 3, 1988. The injury to Plaintiff allegedly occurred on April 26, 1985. In the Federal District Court, N & W asserted a statute-of-limitations defense. A motion for summary judgment with a memorandum in support thereof was filed by N & W in the District Court. After a response by Plaintiff, argument, and due consideration, Judge Jackson L. Kiser sustained the statute of limitations motion on behalf of N & W and issued a memorandum opinion upon which Judge Kiser entered an order sustaining N & W's motion for summary judgment and striking that case from the docket of the United States District Court for the Western District of Virginia on the 18th day of August, 1988. Following Judge Kiser's decision in the District Court, Plaintiff returned to the Roanoke City Circuit Court and filed a new Motion for Judgment in the Roanoke City Circuit Court based upon the same alleged injury to Plaintiff. N & W filed special pleas relying upon the statute of limitations bar and the doctrine of *res judicata*. N & W pleaded that Plaintiff's Motion for Judgment, now numbered CL88000849 in this Court, is barred by the statute of limitations and by the doctrine of *res judicata* based upon Judge Kiser's ruling above. The Defendant (N & W) argues that the statute-of-limitations period has run herein, and the claim is barred. Plaintiff (Chandler) argues that the statute of limitations was tolled by operation of Virginia Code Section 8.01-229(E)(3), which provides a six-month period for re-filing after nonsuit during which period the statute of limitations is extended if it has otherwise expired at that time.

The issue herein is whether or not Virginia Code Section 8.01-229(E)(3) tolls the three-year statute of limitations in a Federal-Employers'-Liability-Act case. Conjunctively, is this Court bound by the Federal District Court's ruling in its sustaining the statute-of-limitations plea based upon the doctrine of *res judicata*?

Under the Federal Employers' Liability Act, 45 U.S.C.A., Section 56, no action shall be maintained unless it is commenced within three years from the day the cause of action arose or occurred.

Section 8.01-229(E)(3) of the Code of Virginia, as amended, states:

> If the Plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal court or a state court and recommenced in any other court.

Plaintiff appears to effectively concede that his case is barred by the statute of limitations governing FELA cases (three years), unless the provisions found in Virginia Code § 8.01-229(E)(3) (quoted above) are applicable. Plaintiff has not attempted to refute the validity of the statute-of-limitations defense on other grounds, nor has the Plaintiff appealed the ruling made by Judge Jackson L. Kiser in the United States District court for the Western District of Virginia referred to above. Section 56 of FELA provides, in dealing with the statute of limitations found therein, a provision of substantive right, setting a limit to the existence of the obligation which the act creates. *Engel v. Davenport*, 271 U.S. 33, 38 (1926).

The leading case, and most persuasive case in dealing with this issue, is *Burnett v. New York Central Railway Co.*, 380 U.S. 424 (1965), wherein the Supreme Court of the United States held that FELA's three-year statute of limitations would not bar that Plaintiff's otherwise timely claim when the claim was dismissed because of lack of venue. The Supreme Court stated:

> This Court has held that when a timely FELA action is brought in a state court without proper venue . . . the statute of limitations cannot bar the action when it is later transferred

to a proper state court after the limitation period has run. *Id.*, at 431.

The Supreme Court based this decision on "the humanitarian purpose of the FELA [which] makes clear that Congress would not wish a plaintiff deprived of his rights when no policy underlying a statute of limitations is served in dong so." *Id.*, at 434. However, the court expressly rejected the contention that FELA incorporates state tolling statutes because such an "incorporation of variant state saving statutes would defeat the aim of the federal limitation provision designed to produce national uniformity." *Id.* at 433.[2]

In further discussion in *Burnett,* one finds the following:

> To allow the limitation provision to incorporate state saving statutes would produce non-uniform period of limitation in the several States. The scope of such statutes and the length of additional time they allow vary considerably from State to State. Moreover, not all States have saving statutes. This Court has long recognized that the FELA has a uniform operation, and neither is nor can be deflected therefrom by local statutes.

The Supreme Court in *Burnett* also noted that a Plaintiff who files an FELA action "in a State Court would be barred from further actions by the running of the limitation period if the State relies upon a 'saving' statute, rather than a 'transfer' statute to preserve similar state actions." The Supreme Court made it clear that it would not countenance non-uniform limitation provisions. *Id.* at 433-434.

In *Hewlett v. Russo,* 649 F. Supp. 457 (E.D. Va. 1986), the Eastern District Court considered whether Va. Code Ann. § 8.01-229(E)(3) extended the statute of

---

[2] In Board of Regents v. Tomanio, 446 U.S. 478, 485 (1980), it was held that generally state tolling rules governed except when inconsistent with the federal policy underlying the cause of action under consideration.

limitations for an action brought under Title 42 of the *United States Code.* The court held that 8.01-229(E)(3) did not toll the statute of limitations because "when a federal statute of limitations is applicable, a court must look to federal law for any appropriate tolling provisions." *Id.* at 460.[3]

In March of 1989, the Virginia Supreme Court, in *Emma Lee Nottingham, Administratrix of the Estate of Claude J. Nottingham, Sr., Deceased v. Theodore Vance Weld*, 5 V.L.R. 1978, 237 Va. --- (1989), dealt with a similar and analogous issue. In the *Nottingham* case, the Virginia Supreme Court looked to the Federal Courts' constructions of the preclusive effect of a failure to file a compulsory counterclaim in the Federal Court. *Nottingham* further held that the forum court is bound by the original forum's determination of the preclusive effect of its former judicial proceedings. While this is not the precise issue before this court, the reasoning parallels the reasoning this Court uses in deciding the issue now before it.[4]

In *Nottingham*, our Supreme Court followed the majority[5] and held that the better view is that the forum court must look to the original court's constructions of its rules and give them full faith and credit.

Finally, while this Court need not deal with the second special plea in bar filed by the Defendant, I

---

[3] In Bell v. Wabash Ry. Co., 58 F.2d 569, 572 (8th Cir. 1932), the court held that a Missouri statute (similar to 8.01-229(E)(3)) which permitted a plaintiff who voluntarily nonsuited an action to recommence that action within one year not to extend FELA's statute of limitations because "A state statute cannot recreate a right given under a federal statute that has ceased to exist by the very terms of the statute."

[4] Parsons Steel v. First Alabama Bank, 474 U.S. 518, 523 (1986), holding that a state court must give a federal court order, dismissing a diversity case for failure to prosecute, the same preclusive effect it would have been given in the federal courts, even though state law would have permitted the maintenance of a subsequent action following a dismissal by that state's court.

[5] C. Wright and A. Miller, Federal Practice and Procedure, sect. 1417 (1971 ed.) (collecting and discussing a number of cases on the point).

shall discuss the *res judicata* bar briefly. The bar of *res judicata* provides that a valid, personal judgment on the merits in favor of the Defendant bars re-litigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies. *Bates v. Devers*, 214 Va. 667, 670-71 (1974). It is the decision of this Court that Judge Kiser's above-described dismissal of Plaintiff's federal court action was a judgment on the merits, insofar as the Federal Rules are concerned. Federal Rule of Civil Procedure 41(b) provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

This court's reading of Judge Kiser's Order, as filed herein, discloses that Judge Kiser did not act to prevent his order from being an adjudication upon the merits. Further, even if Virginia Code Section 8.01-229(E)(3) was not specifically litigated in the federal court proceeding herein, it certainly could have been litigated there. It would be inconsistent for this Court to hold, based upon the reasoning set forth above, that the statute of limitations of FELA bars the Plaintiff's claim and still find that there is not merit to the special plea of *res judicata*.

Since the Plaintiff herein voluntarily nonsuited his action in the Roanoke City Circuit Court, he does not fall within the exception to the three-year statute of limitations set forth in *Burnett* above. Unlike *Burnett*, wherein the action was dismissed for improper venue, the Plaintiff in the instant case had proper venue and then *voluntarily* nonsuited his action. The Plaintiff acted unilaterally, and, regrettably, must accept and deal with the results of this unilateral action, not the action of this Court. Furthermore, as seen in *Hewlett*, cited above, when a federal statute contains a statute of limitations, that statute of limitations must apply, notwithstanding other state tolling provisions. The Plaintiff's claim

that his action is timely based upon Virginia Code Section 8.01-229(E)(3) does not have merit.

My conclusion is that the statute-of-limitations period has run herein. In order for this Court to find that Virginia Code § 8.01-229(E)(3) tolls the FELA three-year statute of limitations, I would have to ignore the contrary policy of uniformity adhered to by and within the FELA statutory scheme. The Plaintiff's current motion for judgment is not timely and is barred by the three-year statute of limitations set forth in the Federal Employers' Liability Act.