Amanda KINSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1:04CV445.

United States District Court, E.D. Virginia, Alexandria Division.

June 22, 2004.

Stephen T. Conrad, Esquire, Woodbridge, VA, for Plaintiff.

Jon K. Turner, Esquire, United States Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on the United States' Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Amanda Kinson alleges she was injured in an automobile accident with a United States Postal Service ("USPS") driver and seeks to recover for her injuries pursuant to the Federal Tort Claims Act ("FTCA"). The issue before the Court is whether this Court has jurisdiction to hear Plaintiff's claim where Plaintiff filed suit more than six months after the denial of her administrative claim. Because Kinson did not file suit within six months of the denial of her administrative claim and Virginia law regarding non-suit does not toll the statute of limitations, Kinson's suit is dismissed.

## I. BACKGROUND

On April 8, 2000, Plaintiff was involved in an automobile accident with a USPS driver. On January 20, 2001, Plaintiff timely filed an administrative claim with the USPS, pursuant to the FTCA, 28 U.S.C. § 2401. On September 14, 2001, the Government gave the Plaintiff notice denying her administrative claim and instructed Plaintiff to file suit against the United States in the appropriate district court within six months, should the Plaintiff be dissatisfied with the administrative findings. Plaintiff filed a lawsuit in the Circuit Court of Prince William County, Virginia on March 14, 2002. This lawsuit was non-suited on February 24, 2003; Plaintiff later re-filed the lawsuit on June 25, 2003. This case was removed by the United States Attorney to this Court on April 16, 2004. The United States now moves for dismissal, claiming Plaintiff's lawsuit was untimely filed pursuant to 28 U.S.C. § 2401(b).

## II. DISCUSSION

### A. Standard of Review

■ Complaints filed under the FTCA against the United States are governed by 28 U.S.C. § 2401, which reads in pertinent part:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). This provision requires that, in order to invoke a district court's jurisdiction, a plaintiff must first file an administrative claim within two years of the date his claim accrues and then file an action within six months of the federal agency mailing its notice of denial of the administrative claim. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). The requirement that a suit be properly filed within six months of the agency's denial of the administrative claim is entitled to strict construction. *Johnson v. United States*, 652 F.Supp. 407, 409 (E.D.Va.1987).

■ "[F]ederal law defines the limitations period and determines when that cause of action accrued" for all claims made pursuant to the FTCA. *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). In other words, state laws do not serve to toll or delay the accrual date or statute of limitations of the FTCA claim. *See Miller*, 932 F.2d at 303; *see also Phillips v. United States*, 260 F.3d 1316, 1319 (11th Cir.2001) (dismissing lawsuit that was re-filed after voluntary dismissal and finding that Georgia Code did not extend limitations period of 28 U.S.C. § 2401(b)). Moreover, there is no provision applicable to 28 U.S.C. § 2401(b) that automatically tolls the limitation period. *See* 28 U.S.C. § 2401. Therefore, if the Plaintiff's claim is not timely filed within six months after the agency decision pursuant to the FTCA, the claim must be dismissed.

■ In exceptional circumstances, however, equitable tolling may be available in suits against the United States. *See Muth v. United States*, 1 F.3d 246, 251 (4th Cir.1993). Specifically, equitable tolling is only appropriate when the claimant has exercised due diligence in preserving his legal rights. *Id.* Moreover, to invoke the doctrine, the claimant must show that the "defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987); *Lawson v. Burlington Inds.*, 683 F.2d 862, 864 (4th Cir.1982).

### B. Analysis

■ The Court finds that it lacks jurisdiction to hear Plaintiff's claim because Plaintiff did not timely file her FTCA suit in a district court within six months of notice of the denial of her administrative claim pursuant to 28 U.S.C. § 2401. The Plaintiff filed the initial action in a Virginia circuit court on the last day of the six month period following notice of the denial of her administrative FTCA claim. Plaintiff incorrectly assumed that Virginia Code §§ 8.01–380, 8.01–229, which allow nonsuits to toll the statute of limitations for Virginia lawsuits for six months, would toll the FTCA statute of limitations. Instead, it is federal law, not state law, that defines the limitations period. *See Miller*, 932 F.2d at 303. That the Virginia Code permits a lawsuit to be tolled while a Plaintiff non-suits and re-files has no effect on the accrual date of the FTCA claim. The FTCA requires that the filing of the pres-

ent suit occur within six months of the administrative decision, regardless of state procedural law. While Plaintiff's initial lawsuit was filed in state court on the last day of the six month period, the current suit was filed months after the non-suit and over two years after the expiration of the six month period. Because the Virginia tolling provisions do not apply to the accrual date of the FTCA claim, the Court finds that Plaintiff's lawsuit was not timely filed.

 Finally, the Court is not persuaded that there are reasons to justify implementation of equitable tolling and to allow Plaintiff to file suit in this Court. Plaintiff had notice that, if she was dissatisfied with the administrative result, she should file suit against the United States in an appropriate *United States District Court* within six months of the administrative decision being mailed. *See* Def.'s Reply Mem. at 3. Plaintiff failed to comply with these instructions and filed her lawsuit in Virginia circuit court instead. Because Plaintiff was not misled by the United States, there are no grounds on which to implement equitable tolling in this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that United States' Motion to Dismiss is GRANTED and this case is DISMISSED.

A separate judgment order pursuant to Federal Rule of Civil Procedure 58 will issue with this order.

The Clerk is directed to forward a copy of this Order to counsel.

### *JUDGMENT*

Pursuant to the Court's Order dated June 22, 2004, wherein the Court granted the Defendant's Motion to Dismiss, the Court hereby

ORDERS the Clerk to enter JUDGMENT in favor of Defendant United States, and against Plaintiff Amanda Kinson, pursuant to Rule 58(a) of the Federal Rules of Civil Procedure. This case is hereby DISMISSED.

The Clerk is directed to forward a copy of this Order to counsel.