# CIRCUIT COURT OF ROCKINGHAM COUNTY

Deborah H. Marston

v.

Kenneth Wayne Weaver

November 17, 2005

Case No. (Law) CL03-00433

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on the defendant's Special Plea of the Statute of Limitations, Plea in Bar, and Demurrer. The Court heard arguments on November 7, 2005.

This case arises from an employment relationship between the parties. From December 28, 1999, to February 27, 2001, Deborah Marston was an employee of Kenneth Weaver at Victoria Haven Home for Adults in Elkton, Virginia. The parties signed an employment contract on February 7, 2000, under the terms of which Marston was compensated at a rate of $20.00 per hour. On February 27, 2001, Weaver terminated Marston's employment.

Marston filed suit against the defendant on October 17, 2001, for alleged violations of the Fair Labor Standards Act and breach of contract. She subsequently nonsuited the original action, and it was dismissed by an Order entered on May 2, 2003. On November 3, 2003, six months after the entry of the nonsuit Order dismissing her original action, Marston re-filed an identical Motion for Judgment in this Court.

In Count 1 of her Motion for Judgment, Marston alleges that Weaver required her to work in excess of forty hours per week, but refused to pay her on an overtime basis for those additional hours worked. Marston asserts that the defendant's failure to pay sufficient overtime compensation constitutes an intentional and willful violation of Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

Count 2 of the Motion for Judgment alleges that Weaver breached Marston's employment contract when he (i) failed to pay her 1% of the gross receipts of Victoria Haven Home for Adults earned in 2000 and (ii) refused to pay six months additional compensation due pursuant to the contract upon termination of her employment with Weaver.

On November 24, 2004, defendant filed a Special Plea of the Statute of Limitations as to Count 1. The FLSA provides that claims for unpaid overtime compensation must be filed within two years after the cause of action accrued if the violation was non-willful or within three years if the violation was willful. 29 U.S.C. § 255(a). Since plaintiff's employment was terminated on February 27, 2001, the FLSA limitations period expired on February 27, 2003, for non-willful violations, and February 27, 2004, for willful violations, in the absence of an applicable tolling provision.

Defendant also asserts that plaintiff's Count 2 is barred for failure to state a claim upon which relief can be granted to the extent that plaintiff bases her contract claims on any status other than that of an employee at will or seeks any recovery after the date of her termination as an employee at will.

*Analysis*

Plaintiff argues that Virginia's tolling statute should be applied to save Count 1 of this action. Section 8.01-229(E)(3) of the Code of Virginia (1950), as amended, provides:

> If the plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal court or a state court and recommenced in any other court.

Although equitable tolling has been permitted under the FLSA, the federal statute does not expressly provide for tolling upon suffering a nonsuit or voluntary dismissal of a timely action by the plaintiff. See *Chao v. Virginia Dept. of Transportation*, 291 F.3d 276, 283 (4th Cir. 2002). The parties agree that, if Va. Code § 8.01-229(E)(3) does not apply, then the plaintiff is barred from pursuing any FLSA claims that accrued prior to November 3, 2000. The

defendant, however, argues that Virginia's tolling statute cannot extend the statute of limitations created by the FLSA.

There does not appear to be any case law regarding the specific applicability of Virginia's tolling statute to the FLSA. Instead, the defendant relies upon several cases involving similar types of federal employment legislation. In *Hewlett v. Russo*, 649 F. Supp. 457 (E.D. Va. 1986), the district court addressed the applicability of Virginia's tolling statute to Title VII. Title VII gives a plaintiff thirty days from receipt of notice of a final agency decision in which to file a civil action. 42 U.S.C. § 2000e-16(c). Federal law does not provide any tolling provisions. The district court held that the federal statute of limitations for Title VII claims was not tolled by Va. Code § 8.01-229(E)(3). "When a federal statute of limitations is applicable, a court must look to federal law for any appropriate tolling provisions." 649 F. Supp at 460.

The *Hewlett* court acknowledged that it is appropriate to apply state tolling statutes when a federal law borrows a state statute of limitations. In *Scoggins v. Douglas*, for example, the Court of Appeals for the Fourth Circuit held that Virginia's tolling statute applied to the plaintiff's suit under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution because neither contains a limitations period. 760 F.2d 535, 538 (4th Cir. 1985). When a federal statute provides its own limitations period, however, "state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time." *Id.*, citing *Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975).

The same conclusion was reached by the Circuit Court for the City of Roanoke in *Chandler v. Norfolk & Western Ry.*, 15 Va. Cir. 437 (Roanoke 1989) (Willett, J.). The plaintiff in *Chandler* nonsuited his timely claim under the Federal Employers' Liability Act ("FELA"). When he subsequently tried to re-file an identical suit relying on Va. Code § 8.01-229(E)(3), the circuit court found that FELA's three year limitations period had expired. 15 Va. Cir. at 443. Citing the importance of having a uniform limitations period in all states, the circuit court held that the FELA statute of limitations was not tolled by Virginia's nonsuit statute. *Id.* at 441-42. See also *Bell v. Wabash Ry.*, 58 F.2d 569, 572 (8th Cir. 1932) (holding that a Missouri statute similar to Va. Code § 8.01-229(E)(3) did not extend FELA's statute of limitations because "[a] state statute cannot recreate a right given under a federal statute that has ceased to exist by the very terms of the statute.").

These opinions rely upon the broad principle that state tolling provisions cannot extend the time for filing suit under a federal statute that expressly creates its own limitations period. The Court sees no reason why this principle should not also apply to claims filed in state court under the FLSA. By creating two and

three year statutes of limitations for non-willful and willful violations, respectively, Congress has expressed a "value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Hewlett,* 649 F. Supp. at 460. The plaintiff's substantive rights under the FLSA are defined, in part, by the time limitation in 29 U.S.C. § 255. Thus, it would be inappropriate for the Court to extend the statute of limitations through the application of a state tolling statute.

Since the plaintiff has not alleged any facts indicating that equitable tolling should apply to the instant case, Count 1 is partially barred by the two and three year statutes of limitations in 29 U.S.C. § 255. Plaintiff can proceed on Count 1 only as to willful violations that may have occurred after November 3, 2000.

Regarding Count 2, the Court finds that the defendant's Plea in Bar and Demurrer do not have merit. Section 5.03 of the employment contract provides that the employer must pay severance to the employee upon termination of the agreement. Count 2 of the Motion for Judgment clearly alleges a violation of § 5.03 of the written contract between the parties and, as such, states a cause of action upon which recovery may be granted.

## *Order*

For the reasons set forth above, the defendant's Special Plea of the Statute of Limitations to Count 1 is sustained and the defendant's Plea in Bar and Demurrer to Count 2 are overruled. Counsel may file written objections to this Order within ten days.

The clerk is directed to send attested copies of this Opinion and Order to A. Gene Hart, Jr., Esq., Counsel for Plaintiff; and Daniel L. Fitch, Esq., Counsel for Defendant.