# CIRCUIT COURT OF THE CITY OF NORFOLK

Robert A. John

v.

Salisbury Towing
Corporation

September 17, 2012

Case No. (Civil) CL12-1806

By Judge Charles E. Poston

This matter comes before the Court after the conclusion of a hearing on the Defendant's Plea in Bar of the Statute of Limitations and Motion to Dismiss. Upon consideration of the memoranda submitted by counsel, arguments presented at the hearing, and applicable authority, the Court grants the Defendant's Plea in Bar and Motion to Dismiss.

*Background*

This action results from alleged injuries to a seaman and is brought under the provisions of the Jones Act, 46 U.S.C. § 31304, and the general maritime law of the United States. This Court has jurisdiction under the provisions of the Savings to Suitors Clause of 28 U.S.C. § 1333.

The facts, viewed in the light most favorable to the Plaintiff, are largely undisputed. The complaint alleges that the Plaintiff was injured on January 10, 2007, while employed as a "Jones Act seaman" aboard a tug boat owned by the Defendant. On January 8, 2010, the Plaintiff filed his initial complaint seeking an award for negligence under the Jones Act and under the general maritime law. The Plaintiff further stated a claim for maintenance and cure. The action was set for trial before a jury on September 27, 2011, but the Plaintiff elected to take a nonsuit on September 19, 2011. The parties conducted discovery and argued several motions prior to the nonsuit. On March 1, 2012, the Plaintiff re-filed his action.

On April 3, 2012, the Defendant filed a Plea in Bar seeking dismissal of the action alleging that the Plaintiff's claims are barred by the three-

year statute of limitations prescribed in 46 U.S.C. § 30106. The parties submitted memoranda in support of their respective positions, and, after hearing oral argument on August 15, 2012, the Court took the matter under advisement. The Court also stayed further proceedings pending resolution of the Plea in Bar.

## *Issues Presented*

Three issues are presented by the plea in bar:

(A) Where Congress provides a federal statute of limitations for a federal claim, can a state savings statute extend that limitations period?

(B) Under the facts presented, was the federal statute of limitations equitably tolled with respect to those claims under the Jones Act and the general maritime law?

(C) Is the Plaintiff's claim for maintenance and cure barred by laches?

The Court will address each of these issues *seriatim.*

## *Discussion*

### A. *State Savings Statute's Effect on a Federal Statute of Limitations for a Federal Claim*

The Plaintiff brought a cause of action under the Jones Act and an unseaworthiness claim, which are both governed by the three-year statute of limitations pursuant of 46 U.S.C. § 30106. *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221 (1958); *West v. Marine Res. Comm'n*, 330 F. Supp. 966, 969 (E.D. Va. 1970). That statute provides: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within three years after the cause of action arose." 46 U.S.C. § 30106. The Plaintiff asserts that Virginia Code § 8.01-229(E)(3) (the "Virginia Savings Statute") precludes dismissal under the three-year statute of limitations applicable to Jones Act claims.

In the context of similar federal statutes, courts have held that state savings statutes do not toll federal statutes of limitations. For example, in *Kinson v. United States*, 322 F. Supp. 2d 684, 685 (E.D. Va. 2004), the plaintiff filed a timely Federal Tort Claims Act ("FTCA") claim in a Virginia circuit court, took a nonsuit, and proceeded to re-file the claim, outside of the six month FTCA statute of limitations period, in federal court. The plaintiff argued that the Virginia Savings Statute tolled the FTCA statute of limitations. *Id.* at 686. The court held that the Virginia Savings Statute did not toll the statute of limitations of the FTCA claim and dismissed the suit as untimely. *Id.* at 687; *see also Miller v. United States*, 932 F.2d 301, 202 (4th Cir. 1991) (finding that federal law governed the limitations period for all claims made pursuant to the FTCA); *Neal v. Xerox Corp.*, 991 F. Supp.

494, 499 (E.D. Va. 1998) (holding that plaintiff's Title VII action, governed by a federal ninety-day limitation, was not saved by the Virginia Savings Statute); *Marston v. Weaver*, 69 Va. Cir. 301, 304 (Rockingham County 2005) (holding that the Virginia Savings Statute did not apply to FLSA actions).

The Plaintiff heavily relies on *Burnett v. New York Cent. RR.*, 380 U.S. 424 (1965), a case brought under the Federal Employees Liability Act ("FELA"). In *Burnett*, the plaintiff's timely FELA action, filed in an Ohio state court, was dismissed for improper venue. *Id*. The plaintiff re-filed the claim in federal court after the expiration of the statute of limitations, and the federal court dismissed the suit as untimely. *Id*. at 425. The plaintiff then appealed the dismissal arguing that the state court suit tolled the FELA limitation provision. *Id*. The Supreme Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Id*. at 434-35.

Unlike *Burnett*, the Plaintiff's action was not dismissed due to improper venue; rather the Plaintiff elected to take a voluntary nonsuit. The Plaintiff's case more closely resembles *Chandler v. Norfolk & Western Ry.*, 15 Va. Cir. 437 (Roanoke City 1989). In *Chandler*, the plaintiff filed a timely FELA action in circuit court, took a voluntary nonsuit, and re-filed the case in federal court. *Id*. at 437. The court, applying the three-year statute of limitations, dismissed the case, and the plaintiff again filed the case in circuit court. *Id*. at 438. The court held, "[s]ince the Plaintiff herein voluntarily nonsuited his action in the Roanoke City Circuit Court, he does not fall within the exception to the three-year statute of limitations set forth in *Burnett*." *Id*. at 442.

The Plaintiff, further, incorrectly relies on *Burnett* because the Court refused to allow the state savings statute to toll the statute of limitations under FELA. *Burnett*, 380 U.S. at 434. This Court reached a similar result, holding that the Virginia Savings Statute did not extend the federal statute of limitations when the plaintiff elected to take a nonsuit. *Henderson v. United States Ship Management, Inc.*, Case No. 05-2244 (Norfolk Cir. Ct. Mar. 16, 2007) (order dismissing the matter with prejudice); *see also Russell v. Mathews Pride Fisheries, Inc.*, Case No. 92-17810 (Newport News Cir. Ct. Jan. 19, 1993) (order dismissing Jones Act and unseaworthiness claims with prejudice under the three-year statute of limitations).

The Jones Act incorporates by reference the provisions of FELA. *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990). Therefore, cases that interpret the impact of state savings statutes on the FELA statute of limitations are particularly persuasive. From the case law regarding other federal statutes and FELA, it appears well established that state savings statutes cannot toll the statute of limitations under a federal statute which has a limitations

period. The policy underlying the Court's decision in *Burnett* supports the conclusion that the three-year statute of limitations should not be tolled by the Virginia Savings Statute. The Court in *Burnett* reasoned that applying state savings statutes to federal limitations periods under FELA "would defeat the aim of a federal limitation provision designed to produce national uniformity." *Burnett*, 380 U.S. at 433. Applying state savings statutes would also discourage plaintiffs from bringing FELA actions in those courts that do not have savings statutes. *Id.* at 434. This would be contrary to Congressional intent as "Congress, in providing for concurrent state and federal court jurisdiction and prohibiting removal of FELA cases to federal courts, has sought to protect the plaintiff's right to bring an FELA action in a state court." *Id.* These policy considerations additionally support not applying state savings statutes to the federal limitations period provided by the Jones Act. Accordingly, the Court holds that the Virginia Savings Statute does not toll the three-year statute of limitations under 46 U.S.C. § 30106.

## B. *Equitable Tolling*

Unless Congress states otherwise, the doctrine of equitable tolling is applicable to all federal statutes. *Smith v. Husband*, 376 F. Supp. 2d 603, 615 (E.D. Va. 2005). Equitable tolling, though, is only "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is appropriate in two scenarios: (1) where "the defendant attempted to mislead [the plaintiff] and . . . the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge" *Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D. Va. 2004), and (2) where the "initial complaint had a procedural defect, but was nevertheless filed within the limitations period." *Smith*, 376 F. Supp. 2d at 616; *see also Burnett*, 380 U.S. at 434-35 (holding that the FELA limitation period was tolled because the case was timely filed and dismissed for improper venue).

While certain timely, defective pleadings may give rise to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Spencer v. Sulton*, 239 F.3d 626, 629 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330). A lawyer's mistake in calculating the limitations period is not enough to justify using the doctrine of equitable tolling. *Harris*, 209 F.3d at 331; *Gilbert v. Secretary of Health & Human Serv.*, 51 F.3d 254, 257 (Fed. Cir. 1995); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).

In this case, the doctrine of equitable tolling is not applicable. The Defendant has not misled the Plaintiff by signing the nonsuit order without objection. *Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 761 (6th Cir. 2009) ("defendant's attorney was under no obligation to inform [plaintiff's] lawyer about the consequences of a voluntary dismissal of his action in state court"); *Mamer v. Apex R.E. & T.*, 59 F.3d 780, 782 (8th Cir. 1995) (finding, after a voluntary dismissal of a state court action, that defense counsel was under no obligation to correct counsel's erroneous belief that a stipulation would toll the statute of limitations). Pursuant to Virginia Code § 8.01-380, the Plaintiff is entitled to one nonsuit as a matter of law; it is irrelevant whether the Defendant objected. Therefore, the Defendant's signing of the nonsuit order did not mislead the Plaintiff.

The Plaintiff filed the pleading in a proper venue free of any procedural defects. A mistake in calculating the limitations period is simply not a defective pleading; therefore, the Plaintiff is not entitled to equitable tolling.

Since neither the Virginia Savings Statute nor the doctrine of equitable tolling applies, the statute of limitations must be analyzed under federal standards. In federal practice, a voluntary dismissal without prejudice leaves the parties as though the action was never filed. *Hewlett v. Russo*, 649 F. Supp. 457 (E.D. Va. 1986). A complaint filed and dismissed without prejudice does not toll the statutory filing period. *Id.* "The Virginia nonsuit is analogous to the procedure for voluntary dismissal without prejudice found in the Federal Rules of Civil Procedure." *Artis v. Old Dominion Univ.*, Case No. 94-3526, 1995 Va. Cir. LEXIS 1407, at *2 (Norfolk Cir. Ct. Jan. 20, 1995).

The Plaintiff's cause of action accrued on January 10, 2007. After taking a voluntary nonsuit, the Plaintiff did not re-file the complaint until March 1, 2012, more than three-years after the cause of action accrued. Accordingly, the three-year statute of limitations bars the Plaintiff's Jones Act and unseaworthiness claims.

## C. Laches with Respect to the Maintenance and Cure Cause of Action

The Plaintiff is correct in asserting that the equitable doctrine of laches governs the admiralty action of maintenance and cure. *West v. Marine Res. Comm'n*, 330 F. Supp. 966, 969 (E.D. Va. 1970). However, when a plaintiff asserts an equitable claim "in aid of a legal right, equity, following the law, w[ill] refuse its aid if the legal right ha[s] been barred by the applicable statute of limitations." *Russell v. Todd*, 309 U.S. 280, 288 (1940). The Jones Act was adopted with a three-year limitations period, which "[p]resumably . . . was adopted with seamen's circumstances in mind." *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 127 (4th Cir. 1966). The three-year limitations period should "apply to a claim for maintenance and cure when that claim arises

from the same alleged injury that leads to claims for negligence." *West*, 330 F. Supp. at 971.

The Plaintiff's cause of action for maintenance and cure accrued on January 10, 2007. The Plaintiff did not file the instant action until March 1, 2012, more than five years after the cause of action accrued. Therefore, the Plaintiff's claim of maintenance and cure is barred by the equitable doctrine of laches.

## Conclusion

For the foregoing reasons, the Court finds that the Plaintiff's claims under the Jones Act and the general maritime law of the United States are barred by the three-year statute of limitations established in 46 U.S.C. § 30106, and the Court grants the Defendant's Plea in Bar and Motion to Dismiss. The claim for maintenance and cure is barred by laches.