**Fannie ARONBERG, Appellant,**

v.

**Harry N. WALTERS, Administrator of Veterans' Affairs, Appellee.**

**No. 84–1267.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1984.

Decided Feb. 27, 1985.

Mark E. Rubin, Richmond, Va., for appellant.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va. (Elsie L. Munsell, U.S. Atty., Alexander, Va., on brief), for appellee.

Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Fannie Aronberg decided that her employer, the federal government, had discriminated against her in violation of 42 U.S.C. § 2000e *et seq.* Race, age and religion all figured in her version of what had happened to her. Proper preliminary exhaustion of administrative remedies having occurred, Aronberg on October 28, 1983 filed suit in the United States District Court for the Eastern District of Virginia. Though decided against her in the district court, she has appealed the case, so that claim has not yet been finally disposed of.

On February 2, 1984, Aronberg's employer attempted to reassign her from her time and leave clerk position in the Dietetic Service at the Veteran's Administration Medical Center in Richmond, Virginia to a position as Clerk in the Medical Administration Service. Viewing the reassignment as retaliation for her institution of suit, and asserting that the clerkship in the Medical Administration Service imposed physical requirements which she could not meet, Aronberg, on February 7, 1984, sought injunctive relief to preserve the *status quo* pending determination of the claim that she had been discriminated against.

Relying on the requirement that a claim of retaliation must also first be administratively exhausted, the district judge declined to grant the requested injunctive relief on the grounds that he lacked jurisdiction to do so.

We, however, perceive the lawyer's principal resource, an applicable exception. Aronberg does not seek resolution of the retaliation claim, only protection against worsening of her position pending resolution of her discrimination action.[1] *Sheehan v. Puralator Courier Corp.*, 676 F.2d 877, 885 (2d Cir.1982) states the point most adequately:

> [F]or the court to renounce its incidental equity jurisdiction to stay such employer retaliation pending the EEOC's consideration would frustrate Congress's purposes. Unimpeded retaliation during the now-lengthy (180 day) conciliation period is likely to diminish the EEOC's ability to achieve conciliation. It is likely to have a chilling effect on the complainant's fellow employees who might otherwise desire to assert their equal rights, or to protest the employer's discriminatory acts, or to cooperate with the investiga-

1. We need not, therefore, explore the validity of the rationale of *Gupta v. East Texas State University,* 654 F.2d 411 (5th Cir.1981), which excused administrative remedy exhaustion as a preliminary to filing, and pursuing on the merits, a retaliation claim.

**1116**

tion of a discrimination charge. And in many cases, the effect on the complainant of several months without work or working in humiliating or otherwise intolerable circumstances will constitute harm that cannot adequately be remedied by a later award of damages. Given the singular role in 1964 of the individual private action as the only method of enforcing Title VII, and the continued view in 1972 of that right of action as "paramount," we cannot conclude that Congress intended to preclude the courts' use of their incidental equity power in these circumstances to prevent frustration of Congress' goals.

■■■ The government asserts that federal employees are subject to different rules than private ones. It argues that the exhaustion requirement is jurisdictional and that sovereign immunity has not been waived by Congress in such a fashion as to permit the temporary injunctive relief sought by Aronberg. However, the argument is not persuasive. We are satisfied that the Georgia district court, quoting *Parks v. Dunlop*, 517 F.2d 785 (5th Cir. 1975), had it right:

> The intent of Congress in enacting the 1972 amendments to [Title VII] extending its coverage to federal employment was to give those public employees the same rights as private employees enjoy. Therefore, our holding in *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir.1972) that exhaustion of administrative remedies is not required *applies with equal force to federal employees seeking relief under Title VII.*

*Goza v. Bolger*, 538 F.Supp. 1012, 1017 (N.D.Ga.1982) (emphasis in original), *affirmed without published opinion, Goza v. Bolger*, 741 F.2d 1383 (11th Cir.1984).

Accordingly, the decision appealed is reversed and the case remanded for consideration on the merits of the application for temporary injunctive relief pending resolution of the suit charging discrimination.

REVERSED AND REMANDED.