Christean M. GRIER, Plaintiff,

v.

Paul CARLIN, in his official capacity as Postmaster General of the United States Postal Service, Defendant.

No. C–C–85–246–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 28, 1985.

Regan A. Miller, James, McElroy & Diehl, Charlotte, N.C., for plaintiff.

Charles R. Brewer, U.S. Atty., Clifford C. Marshall, Asst. U.S. Atty., Charlotte, N.C., John C. Oldenburg, Sr. Asst. Regional Labor Counsel, U.S. Postal Service, Memphis, Tenn., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Defendant's Motion to dismiss this action

for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Defendant also requests the United States Postal Service be dismissed as a party Defendant. Alternatively, Defendant has moved for summary judgment.

The case involves an employment discrimination suit against a federal employer under Title VII. The parties have submitted thorough memoranda concerning the issues raised in this matter and the Court has carefully considered each.

■ With respect to Defendant's Motion to dismiss the Postal Service as a party Defendant to this action, the Court is of the opinion that the request is uncalled for. The United States Postal Service is referred to in the caption of this case merely to identify the Defendant Paul Carlin and the capacity in which he is being sued. Therefore, Defendant's Motion is *DENIED*.

Defendant's Motion to dismiss on the grounds that the Plaintiff failed to file this suit in a timely fashion, thus, precluding this Court from possessing subject-matter jurisdiction presents an interesting question of law for consideration.

The time period in which an aggrieved federal employee must file a civil suit in the district court after receiving notice from the Equal Employment Opportunity Commission of his or her right to file a civil action is 30 days. 42 U.S.C. § 2000e–16(c). The question before this Court is, first, whether this time period is subject to equitable tolling. Second, if the period is subject to equitable tolling, do such grounds exist in this case?

■ The Defendant asserts that a timely filing is a jurisdictional prerequisite to bring a Title VII action and not subject to equitable tolling. The case law is mixed on the issue. *Gaballah v. Johnson*, 629 F.2d 1191 (7th Cir.1980) (30–day time period to file suit after receipt of notice of final action taken by Civil Service Commission is jurisdictional); *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984) (30–day time period which to file complaint of alleged incident of discrimination under 29 C.F.R. § 1613.-214(a)(1)(i) is jurisdictional); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983) (30–day time period under 42 U.S.C. § 2000e–16(c) is jurisdictional; but, holding even though plaintiff did not formally file an action within the 30–day limit, where he filed a request for counsel, a description of his claim, and an administrative deposition of his complaint within the 30–day jurisdictional period, § 2000e–16(c) time requirements were satisfied); *Cooper v. Bell*, 628 F.2d 1208 (9th Cir.1980) (30–day time period with regard to filing civil complaint is jurisdictional; but, holding that at least the first intra-agency filing period for lodging the initial charge is equivalent to a statute of limitation, subject to equitable extension in appropriate cases); *but see, Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984) *discussed infra*, (30–day time limitation of § 2000e–16(c) is not jurisdictional and may be subject to equitable tolling); *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (requirement that a complainant (private sector employee) file a timely administrative charge under 42 U.S.C. § 2000e–5 is not a jurisdictional prerequisite to suit); *Saltz v. Leham*, 672 F.2d 207 (D.C.Cir.1982) (30–day requirement in which notice must be given to the EEOC during the administrative processing of a claim is not jurisdictional); *Ross v. United States Postal Service*, 696 F.2d 720 (9th Cir.1983) (there are no more jurisdictional prerequisites for federal employees to file administrative charges than for private sector employees).

Although there is no Fourth Circuit case on this issue, this Court is of the opinion that *Martinez v. Orr, supra,* is the better view. The court in that case stated that "Congress intended to give them [federal employees] the same rights and remedies as had been provided employees in the private sector." *Id.* 738 F.2d at 1110. (*Citing* H.R. No. 238, 92d Cong., 2d Sess., U.S.Code Cong. & Admin.News 1972, p. 2137.). In reversing the district court's dismissal of plaintiff's action, the court of appeals found that the notice issued by the

EEOC informing plaintiff of the 30–day limitations period also contained instructions on how to obtain reconsideration by the administrative agency of its "final" determination which misled and lulled the plaintiff into inaction as he awaited a response to his reconsideration request. The instructions in the notice amounted to "active deception" by the agency and thus provided sufficient equitable grounds to toll the time period.

■ The purpose of Title VII as a whole is remedial in nature and it is the type of legislation which laymen are more likely to be involved in. By treating the time period of § 2000e–16(c) like a statute of limitations subject to equitable tolling, as the court in *Martinez* did, this remedial purpose is furthered. This is so especially in cases such as this where the Plaintiff filed her application to proceed *in forma pauperis* within the time period.

In holding that the filing limitations of § 2000e–16(c) is subject to equitable tolling, the Court now turns to the question of whether such grounds exist in this case. The Court believes such grounds are present.

■ Plaintiff received her notice of the final administrative decision on February 27, 1985. She filed her application to proceed *in forma pauperis* on March 18, having 12 days in which to file suit. Plaintiff received the Court's denial of her *in forma pauperis* application on April 4. Therefore, she had until April 16 to file this action, which she did by filing on April 12. There is no indication that Plaintiff sat on her rights nor is there any indication that Defendant will be prejudiced by allowing Plaintiff to proceed with her claim. *Compare Rice v. Hamilton Air Force Base Commissary, supra.*

Consequently, the Court is of the opinion that Defendant's Motion to dismiss, or alternatively, for summary judgment, should be DENIED.

IT IS SO ORDERED.