**John A. HEWLETT, Jr., Plaintiff,**

v.

**V.M. RUSSO, Lt. Gen., U.S.A., Director, Defense Logistics Agency, Defendant.**

**Civ. A. No. 86–0403–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 21, 1986.

James B. Thorsen, Thorsen & Page, Richmond, Va., for plaintiff.

Debra J. Prillaman, Asst. U.S. Atty., Donald S. Tracy, Richmond, Va., for defendant.

## MEMORANDUM

SPENCER, District Judge.

This matter is before the Court on defendant's Motion to Dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, or alternatively, Motion for Summary Judgment in accordance with Federal Rule of Civil Procedure 56. For the reasons stated below, defendant's Motion to dismiss the complaint is granted.

*Facts and Procedural History*

Plaintiff, John A. Hewlett, Jr., an employee of Defense General Supply Center in Chesterfield County, Virginia, applied for a higher graded position at the same location. He was not selected, and received a final agency decision on November 5, 1985, in response to his allegation of race discrimination. Plaintiff, a black male, then filed a complaint in this Court against the Director of the Defense Logistics Agency. The complaint was filed within the thirty-day limitation period prescribed in 42 U.S.C. Section 2000e–16(c) (December 3, 1985). The defendant then filed a timely answer to said complaint. The case was assigned to the Honorable Richard L. Williams, United States District Judge.

In due course the case was set for trial on June 30, 1986. Plaintiff, by counsel, filed a "Motion for Continuance and Extension of Time for Discovery," on June 23, 1986. On June 24, 1986, after a conference in chambers, the Court denied the motion.

Following the conference, plaintiff expressed an intention to request a voluntary dismissal of the suit without prejudice. Defendant then informed plaintiff that the thirty-day limitation in 42 U.S.C. Section 2000e–16(c) would be pled as a bar to any subsequent suit involving the same factual matters.[1] None-the-less, on that same day

---

1. 42 U.S.C. Section 2000e–16(c) reads as follows:
   (c) Civil action by party aggrieved. Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717(a) [subsec. (a) of this section], or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a

(June 24, 1986) plaintiff moved to voluntarily dismiss the suit without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2). By Order dated June 30, 1986, plaintiff's motion was granted.

Plaintiff filed the instant action, identical in all respects to the previous suit, on June 24, 1986. Subsequently, defendant filed a Motion to Dismiss, or alternatively, a Motion for Summary Judgment, arguing that by virtue of the prior voluntary dismissal, plaintiff's subsequent suit was filed beyond the thirty-day time requirement of 42 U.S.C. Section 2000e–16(c). Plaintiff has responded, defendant has replied to that response, and the motion is now ripe for consideration.

*Discussion*

Three issues are presented for the Court's consideration. First, is the thirty-day limitation period contained in 42 U.S.C. Section 2000e–16(c) a jurisdictional prerequisite to suit in federal court? Second, do Virginia statutory provisions operate to toll the federal limitation? Third, should the doctrine of equitable tolling apply in this case?

### I.

■ The more specific question presented, in light of the facts of this case, is whether the thirty-day limitation period is a jurisdictional prerequisite to a suit by an employee against a federal employer. In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court considered a similar question in the context of a suit against a private employer. There, some plaintiffs had failed to timely file a charge of discrimination with the Equal Opportunity Employment Commission (EEOC). The

Court held that timely filing was "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitation, is subject to waiver, estopple and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132.

In the post-*Zipes* era, the United States Court of Appeals for the Fourth Circuit has not spoken directly to the question presented by defendant's motion, i.e., whether the timely filing of suit in federal court is jurisdictional in a case against the government. Other circuits have considered this question, ruling that timely filing is *not* jurisdictional. *Miller v. Marsh,* 766 F.2d 490, 493 (11th Cir.1985); *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984).

The Fourth Circuit has ruled that failure of a plaintiff, suing the government, to comply with the applicable EEOC regulation (29 C.F.R. Sections 1613 214(a)(1) for complaint procedure was *not* a jurisdictional prerequisite to suit in federal court. *Zografov v. Veterans Administration Medical Center,* 779 F.2d 967, 969 (4th Cir. 1985). In yet another case, the Fourth Circuit held that a plaintiff's failure to exhaust governmental administrative channels regarding discrimination charges is likewise not jurisdictional. *Aronberg v. Walters,* 755 F.2d 1114, 1116 (4th Cir.1985). There the Court wrote: "The intent of Congress in enacting the 1972 amendments to [Title VII] extending its coverage to federal employment was to give public employees the same rights as private employees enjoy." *Id.* (quoting *Goza v. Bolger,* 538 F.Supp. 1012, 1017 (N.D.Ga.1982)), *affirmed without published opinion,* 741 F.2d 1383 (11th Cir.1984).

Another District Court within this circuit has directly addressed the question presented by defendant Russo's motion.

complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to a subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final

action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 706 [42 USCS Section 2000e–5], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

In *Grier v. Carlin,* 620 F.Supp. 1364 (W.D. N.C.1985), that Court, after thorough consideration of the prior case law, agreed with the prevailing trend in holding that failure of a federal employee to file suit in federal court within the thirty-day period of 42 U.S.C. Section 2000e–16(c) is not a jurisdictional bar. *Id.* at 1365.

This Court is persuaded that the *Grier* position is the appropriate one. The clear trend in the post-*Zipes* era has been to treat time periods such as 42 U.S.C. Section 2000e–16(c) as statutes of limitations subject to equitable tolling. This view is in accord with the remedial nature of Title VII legislation, and is hereby adopted by this Court.

## II.

Plaintiff argues that the Virginia tolling statute (Va.Code Section 8.01–229) should be applied to this action. The Virginia statute tolls a limitations period upon the commencement of a suit within the proscribed time frame. Upon taking a nonsuit in Virginia (Va.Code Section 8.01–380), a plaintiff may recommence his suit within six months or within the original limitations period, whichever is larger.

For support, plaintiff cites to *Scoggins v. Douglas,* 760 F.2d 535 (4th Cir.1985). *Scoggins* is not applicable to the instant case, however. There, the plaintiff sued under 42 U.S.C. Section 1983 and the Fourteenth Amendment of the United States Constitution. The Fourth Circuit held that compliance with Virginia tolling provisions was consistent with federal law. *Scoggins,* 760 F.2d at 538.

Scoggins sued under federal statutory and constitutional provisions which contain no limitation periods. As a result, "the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency,* 421 U.S. 454, 463, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

Here, however, plaintiff's suit is controlled by 42 U.S.C. Section 2000e–16(c), a *federal* statute which does indeed contain a limitation period. Thus, it must be con-

ceded that "Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time." *Draper v. United States Pipe and Foundry Co.,* 527 F.2d 515, 522 (6th Cir.1975). Plaintiff would have this Court apply the federal limitations period, but the Virginia tolling provision in light of the fact that there is no federal statutory tolling provision applicable to this action. Such a result is inappropriate at best.

Any period of limitation ... is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations, the chronological length of the limitation period is interrelated to provisions regarding tolling, revival, and questions of application. In borrowing the state period of limitation for application to a federal cause of action, a federal court is relying on the state's wisdom in setting the limit, and exceptions thereto, on the prosecution of a closely analogous claim.

*Johnson,* 421 U.S. at 463–64, 95 S.Ct. at 1722.

■ In accordance with the view laid out in *Johnson,* when a federal statute of limitations is applicable, a Court must look to federal law for any appropriate tolling provisions. Where, as here, there are no such provisions, it would be inappropriate for this Court to look to Virginia Code Section 8.01–229 to toll the running of the limitations period.

## III.

■ Although there is no federal statutory tolling provision applicable here, and

the Virginia tolling statute is not pertinent, plaintiff's action may still be saved if equitable considerations justify the tolling of the limitations period of 42 U.S.C. Section 2000e–16(c). The Supreme Court discussed the doctrine of equitable tolling in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). There, the Court noted four instances in which the doctrine may apply in Title VII cases: (1) where a claimant or plaintiff receives inadequate notice of his right to sue; (2) where a request for appointment of counsel is before the Court; (3) where the Court led the plaintiff to believe he had satisfied all statutory requirements; and (4) where a defendant's affirmative misconduct induced the plaintiff not to act in the appropriate fashion. *Id.* at 151, 104 S.Ct. at 1725.

In support of his contention that equitable tolling should apply, plaintiff asserts none of the grounds set forth in *Baldwin.* Instead, plaintiff argues that failure of this Court to equitably toll the limitations period would (1) effectively result in the denial of plaintiff's right to appeal the June 24, 1986 denial of plaintiff's Motion for Continuance and Extension of Time for Discovery; (2) be anathema to the dismissal of the prior action "without prejudice"; and (3) disregard the fact that defendant, at the time of the voluntary dismissal, knew plaintiff intended to refile the action and is not prejudiced by that refiling.

Plaintiff's arguments are not persuasive. First, by electing to move for voluntary dismissal rather than proceed to trial in June, 1986, plaintiff assumed the risk that a refiled action would be barred procedurally. Second, although the first action was dismissed "without prejudice" the Court in no way indicated to plaintiff that he need not concern himself with the applicable statutory provisions governing such actions. Indeed, the Court did not at that time have before it the question of whether plaintiff's second action should be allowed to proceed on equitable grounds. Third, defendant's knowledge that plaintiff intended to refile the action, and the lack of

prejudice on defendant's part, are not grounds to justify equitable tolling.

"If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit has never been filed. For purposes of the statute of limitations, the plaintiff receives no credit for tolling for the time that elapsed during the pendency of the original suit." *Ford v. Sharp,* 758 F.2d 1018, 1023–24 (5th Cir.1985) (footnotes omitted). *See also Gatlin v. Missouri Pacific Railroad Company,* 631 F.2d 551, 554 (8th Cir.1980). Plaintiff had an opportunity, in its response to defendant's motion and at the hearing on that motion, to justify the use of equitable tolling in this case. He has not done so.

Plaintiff admits that his primary purpose in moving for voluntary dismissal of the original action was to avoid proceeding to trial on June 30, 1984. Put another way, what plaintiff could not accomplish directly via his motion for continuance, he attempted to achieve indirectly through the artful use of the Federal Rules of Civil Procedure. Clearly, this was a tactical decision by plaintiff to use an expedient method (dismissal) rather than a safe method (appeal of the denial of the motion for continuance) to accomplish his ultimate objective. Under these circumstances, the Court finds no reason to equitably toll the relevant statutory limitation.

*Conclusion*

This Court finds that (1) failure of a plaintiff to comply with the thirty-day filing requirement contained in 42 U.S.C. Section 2000e–16(c) is not a jurisdictional bar to suit in Federal District Court; (2) Virginia statutory tolling provisions do not apply to this action; and (3) there is no justification for the application of equitable tolling in this matter.

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice. An appropriate ORDER shall issue.