948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marye Elizabeth ISH, Plaintiff-Appellant,
v.
ARLINGTON COUNTY, VIRGINIA; William L. Hughes, Defendants-Appellees.
 No. 91-2510.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 7, 1991.
Decided Nov. 21, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-90-855-A)
 Marye Elizabeth Ish, appellant pro se.
 Peter Harlan Maier, Assistant County Attorney, Arlington, Va., for appellees.
 E.D.Va. [APPEAL AFTER REMAND FROM 918 F.2D 955].
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marye Elizabeth Ish appeals the district court's grant of summary judgment to the Defendants in her 42 U.S.C. § 2000e (1988) action. Ish worked for Arlington County in the housing division. She complained that the county failed to reclassify and upgrade her position because of her race and retaliated against her for filing a discrimination complaint. While the district court correctly decided the reclassification issue in its opinion from the bench and we affirm that decision on the district court's reasoning, we affirm the district court's order with respect to the retaliation claim for reasons different from those of the court below.
 
 
 2
 Ish first claimed that the county failed to reclassify her position because of her race. Assuming that Ish had made out a prima facie case meeting the requirements of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the district court proceeded to determine whether the Defendants had articulated a legitimate, nondiscriminatory reason for not reclassifying Ish, id., and whether Ish produced enough evidence to create a triable issue regarding whether the Defendants' reason was a mere pretext, id. at 804.
 
 
 3
 The district court determined that the Defendants' reasons for not reclassifying Ish fully explained their action. Ish had not appealed the classification of her position after an original reclassification. When she did request reclassification, the housing division was in the midst of an across-the-board reclassification freeze because the division was undergoing a reorganization. After the reclassification freeze was lifted, Ish failed to submit a form which is a prerequisite to reclassification. Ish produced no evidence to counter this showing, claiming she would challenge the credibility of the Defendants at trial. Because "[u]nsupported allegations as to motive do not confer talismanic immunity from Rule 56," Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985), the district court correctly granted the Defendants' motion for summary judgment on this issue.
 
 
 4
 With respect to Ish's charges of retaliation, the district court held that these issues could not be litigated in the district court because they were not raised in her complaint to the Equal Employment Opportunity Commission (EEOC). Other courts have held that a claim of retaliation for the filing of an EEOC charge need not be separately exhausted. See Brown v. Hartshorne Pub. Sch. Dist. # 1, 864 F.2d 680, 682 (10th Cir.1988); Gottlieb v. Tulane Univ., 809 F.2d 278, 283-84 (5th Cir.1987). We have previously reserved this question, Aronberg v. Walters, 755 F.2d 1114, 115 n. 1 (4th Cir.1985), and need not decide it here because we find Ish's retaliation claims without merit.
 
 
 5
 In order to establish a prima facie case of retaliation, Ish must show that 1) she engaged in protected activity, 2) the county took adverse employment actions against her, and 3) a causal connection existed between the protected activity and the adverse action. Ross, 759 F.2d at 365. Ish alleged that the retaliatory acts took place after she filed her original EEOC charge or following her first appeal to this Court, satisfying the first requirement of the prima facie case. The remaining requirements are not so easily satisfied.
 
 
 6
 Ish identified five acts of retaliation. Even assuming that each act is an adverse employment action,[1] Ish has not alleged the requisite causal connection between her protected activity and the presumed adverse employment action. She argued only that the actions were close in time to the filing of her complaint and her first appeal to this Court. Without more, this fact alone is insufficient to withstand the Defendants' motion for summary judgment. See Johnson v. Town of Elizabethtown, 800 F.2d 404, 406-07 (4th Cir.1986) (conjecture insufficient to support causation).[2] Accordingly, we affirm the district court's order granting summary judgment to the Defendants.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 As the Defendants point out, this assumption is difficult to make. The complained of acts, at best, can be said to be damaging to Ish's credibility as a supervisor
 
 
 [2]
 Even if a prima facie case of retaliation has been made out by Ish's claim that the adverse actions were committed close in time to her protected activity, Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir.1989), the nondiscriminatory reasons for the Defendants' actions