UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1305

DEBORAH KATZ PUESCHEL,

Plaintiff - Appellant,

versus

NORMAN Y. MINETA, in his official capacity as
Secretary, U.S. Department of Transportation,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonard D. Wexler, Senior
District Judge, sitting by designation. (1:01-cv-01471-LDW)

Argued: March 14, 2007                    Decided: May 2, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated and remanded in part, and appeal
dismissed in part by unpublished per curiam opinion.

**ARGUED:** George Michael Chuzi, KALIJARVI, CHUZI & NEWMAN, P.C.,
Washington, D.C., for Appellant.  Ralph Andrew Price, Jr.,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Chuck
Rosenberg, United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in the present action, Deborah Katz Pueschel (Plaintiff), is a former air traffic controller with the Federal Aviation Administration (the FAA). On August 18, 1992, Plaintiff, while still employed by the FAA, filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) alleging, inter alia, that the FAA had interfered with her filing of claims with the federal Office of Worker's Compensation Programs (OWCP) on account of her gender, her disability, and in retaliation for her engaging in protected activity (August 1992 EEOC Complaint). On September 24, 2001, Plaintiff filed the present action in the United States District Court for the Eastern District of Virginia against Norman Y. Mineta, the Secretary of Transportation (the Secretary), based upon the allegations in her August 1992 EEOC Complaint. The district court complaint alleged gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and disability discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq.

On November 6, 2002, the district court dismissed the present action in toto under the doctrine of res judicata on the basis that Plaintiff, having unsuccessfully litigated the same claims in a prior action, including the Fourth Circuit affirming the judgment,

see Pueschel v. Slater, 173 F.3d 425 (4th Cir. 1999), could not relitigate those claims.

With one exception, the Fourth Circuit affirmed, holding that res judicata barred all but one of Plaintiff's claims. Pueschel v. Mineta (Pueschel II), 369 F.3d 345, 349 (4th Cir. 2004) ("We also hold, however, that her OWCP claim--which alleges that the FAA's interference with the processing of her workers' compensation claims has resulted in her benefits being improperly taxed--is not precluded."). Accordingly, we vacated the district court's dismissal of that claim and remanded for further proceedings. Id. at 356.

On remand from Pueschel II, the district court denied Plaintiff's first motion for leave to amend her complaint to add new claims based upon facts entirely different from those already alleged in the complaint. The district court also set the case for trial solely on the remanded claim. The magistrate judge removed (from the docket) as moot, Plaintiff's second motion for leave to amend the complaint, which motion sought to add another new claim based upon facts entirely different from those already alleged in the complaint as well as an entirely new legal theory. Ultimately, the district court dismissed the remanded claim pursuant to the Secretary's motion to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The district court granted the motion based upon its mistaken belief

that Plaintiff had voluntarily chosen to abandon prosecution of the remanded claim and that none of the other allegations which she sought to litigate on remand were within the scope of the remanded claim. In this latter regard, the district court expressly rejected Plaintiff's argument that, in addition to incidents of OWCP interference alleged in her August 1992 EEOC Complaint, the Fourth Circuit had also remanded for further proceedings allegations of OWCP interference based upon incidents that she cited in a separate and distinct administrative complaint that she had filed with the EEOC in 1994.

Plaintiff timely noted the present appeal. In the present appeal, Plaintiff challenges: (1) the district court's dismissal of the remanded claim, which claim she argues included her allegations of OWCP interference as set forth in her 1994 EEOC Complaint; (2) the district court's denial of her first motion for leave to amend her complaint on remand; (3) the magistrate judge's removal (from the docket) as moot her second motion for leave to amend her complaint; and (4) the district court's alleged off-the-record grant of the Secretary's motion in limine to exclude any evidence from being introduced at trial concerning alleged instances of interference by FAA personnel with Plaintiff's then pending OWCP claims before 1987 and after the filing of Plaintiff's 1992 EEOC Complaint.

Having thoroughly reviewed the parties' briefs and record on appeal, and having heard oral argument in this case, we: (1) affirm the district court's dismissal of Plaintiff's complaint in the present action to the extent the district court held that the Fourth Circuit did not remand for further proceedings allegations of OWCP interference based upon the incidents cited in Plaintiff's 1994 EEOC Complaint; (2) vacate and remand the district court's dismissal of Plaintiff's complaint in the present action to the extent Plaintiff's complaint alleges violations of Title VII and the Rehabilitation Act based upon allegations of OWCP interference from April 1992 through August 1992 as contained in Plaintiff's August 1992 EEOC Complaint (the district court misunderstood Plaintiff as having abandoned her allegations of OWCP interference from April 1992 through August 1992); (3) affirm the district court's denial of Plaintiff's first motion for leave to amend; and (4) affirm the magistrate judge's removal from the docket of Plaintiff's second motion for leave to amend. Finally, we dismiss the Plaintiff's appeal as to her assignment of error that the district court erroneously granted the government's motion in limine. We lack appellate jurisdiction to consider this assignment of error, because Plaintiff failed to comply with Federal Rule of Appellate Procedure 10(c), which rule sets forth the procedure for making an appealable record of an otherwise off-the-record ruling. Cf. United States v. Burns, 104 F.3d 529, 539 (2d Cir. 1997)

- 5 -

(refusing to review alleged off-the-record ruling because appellant failed to comply with Federal Rule of Appellate Procedure 10(c)). As the appealable record stands now, the district court did not rule upon the Secretary's motion <u>in limine</u>.

<u>AFFIRMED IN PART, VACATED AND REMANDED</u><br><u>IN PART, AND APPEAL DISMISSED IN PART</u>