**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1178**

DEBORAH KATZ PUESCHEL,

                Plaintiff - Appellant,

        v.

MARY E. PETERS, Secretary, United States
Department of Transportation,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, United
States District Judge.  (1:01-cv-01471-GBL-TCB)

Argued: May 14, 2009                 Decided: August 12, 2009

Before MICHAEL, KING and GREGORY, Circuit Judges.

Affirmed by unpublished opinion.  Judge Gregory wrote the
opinion, in which Judge Michael and Judge King joined.

ARGUED: George Michael Chuzi, KALIJARVI, CHUZI & NEWMAN, PC,
Washington, D.C., for Appellant.  Lauren Anne Wetzler, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
ON BRIEF: Chuck Rosenberg, United States Attorney, Ralph Andrew
Price, Jr., Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Deborah Katz Pueschel has filed several employment discrimination lawsuits against the Federal Aviation Administration ("FAA") in the last thirty years. In the case at bar, Pueschel claims the FAA violated Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e-16 (2006), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. (2006), by, inter alia, interfering with the processing of her workers' compensation. The district court dismissed the complaint on res judicata grounds, finding that all of her claims had already been raised in a similar complaint adjudicated in 1997. When Pueschel appealed, this Court affirmed in part but reversed with respect to her claim that the FAA interfered with her application to the Office of Workers' Compensation Programs ("OWCP"). Pueschel v. United States (Pueschel II), 369 F.3d 345 (4th Cir. 2004). On remand, the district court granted summary judgment to the Secretary of Transportation ("Secretary") on the remaining OWCP claim.

On the second appeal, this Court affirmed in part but remanded for further exploration of the FAA's alleged interference with Pueschel's ability to obtain OWCP benefits between April and August 1992. Pueschel v. Mineta, No. 06-1305, 2007 WL 1290896 (4th Cir. May 2, 2007). On the second remand, the district court granted summary judgment to the Secretary,

2

finding that Pueschel failed to exhaust her administrative remedies. For the reasons stated herein, we affirm.

I.

Pueschel entered the air traffic controller program in 1974 and later became an air traffic controller in the Leesburg, Virginia, Air Traffic Control Center. She was subsequently assigned to the Washington Air Route Traffic Control Center. In the late 1970s, Pueschel began seeking workers' compensation benefits from the OWCP. In 1982, she submitted a claim for anxiety disorder, fatigue, and asthma, which she claimed were the result of sexual harassment she experienced in the workplace. In 1992, the OWCP accepted Pueschel's claim for workplace illness. Pueschel blames both the FAA and the Department of Labor for the nearly ten-year delay in the OWCP accepting her claim.

In 1995, Pueschel filed an action alleging that FAA personnel, including Personnel Specialist Patricia Carey, interfered with the processing of her OWCP claims by refusing to assist her in compiling a list of the leave that she had taken. She further asserted that FAA personnel had destroyed her time and attendance records in order to make it difficult for her to

apply for buy-back leave.[1]  The district court granted the Secretary's motion for summary judgment, and this Court affirmed.  See Pueschel v. Slater (Pueschel I), No. 97-2503, 173 F.3d 425 (4th Cir. Feb. 18, 1999) (table) (per curiam).

In 2001, Pueschel brought a discrimination suit in the Eastern District of Virginia claiming both that the FAA denied her various awards and opportunities for advancement and that the FAA retaliated against her by interfering with the processing of her OWCP workers' compensation claims.  The Secretary moved for dismissal arguing that Pueschel's claims were barred by the preclusive effect of Pueschel I.  The district court granted the motion to dismiss, finding that Pueschel's claims were in fact barred by the preclusive effect of Pueschel I.  On appeal, this Court affirmed in part and reversed in part, finding that although res judicata barred litigation of one element of Pueschel's claim, the OWCP claims were not barred.  See Pueschel II, 369 F.3d 345.  This Court remanded the claim of OWCP interference for further proceedings.

On remand, the Secretary moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction.  The district court granted the motion.  Pueschel appealed, stating

---

[1] Federal employees who suffer work-related injuries or illnesses and are unable to report for duty may apply to the OWCP to have their sick and annual leave restored.  This is called "buying back" leave.

4

that her allegations of OWCP interference beginning in August 1992 and continuing through April 1994 had not yet been litigated. This Court reversed in part and remanded for the limited purpose of deciding whether the FAA interfered with Pueschel's OWCP claim in a retaliatory manner within the period of April 1992 through August 1992.

On remand, the Secretary moved for summary judgment, arguing that Pueschel failed to exhaust her administrative remedies regarding this claim. The district court granted the motion, but also concluded that even if Pueschel had exhausted all of her administrative remedies, she could not prevail because the FAA had no duty to assist in her compilation of time and attendance records for the purpose of obtaining her buy-back leave. Pueschel timely appealed.

II.

This Court reviews a district court's decision to grant summary judgment de novo. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004) (en banc). Further, this Court "view[s] all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 603 (4th Cir. 2002). However, even when all evidence is viewed in the light most favorable to the nonmoving party, the nonmoving party

5

cannot defeat a properly supported summary judgment motion without presenting "significant probative evidence." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986) (internal quotation omitted).

III.

The district court granted the FAA's motion for summary judgment on the ground that Pueschel failed to exhaust her administrative remedies. The court found that Pueschel failed to include in her EEO complaint the allegation that FAA Personnel Specialist Patricia Carey was motivated by retaliatory animus when she refused to compile Pueschel's time and attendance records or create a list of the leave that Pueschel had taken since January 1980.[2] In light of the requirement for a factual nexus between a civil complaint and an administrative charge, the district court held that Pueschel was precluded from litigating her claim. <u>See</u> <u>Bryant v. Bell Atl. Md., Inc.</u>, 288 F.3d 124, 132 (4th Cir. 2002) (holding that an administrative charge "defines the scope of the plaintiff's right to institute a civil suit"); <u>cf</u>. <u>Chisholm v. U.S. Postal Serv.</u>, 665 F.2d 482, 491 (4th Cir. 1981) ("An administrative charge of discrimination does not strictly limit a Title VII suit which may follow;

---

[2] The name "Patricia Carey" is never mentioned in Pueschel's administrative EEO complaint.

rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.").

Whatever the merits of the FAA's exhaustion argument, we find that it was waived when the FAA failed to raise the argument in its original motion to dismiss. "The Supreme Court has indicated that a statute requiring plaintiffs to exhaust administrative remedies before coming into federal court may be either jurisdictional in nature or non jurisdictional . . . ." Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 996 (8th Cir. 2006) (citing Weinberger v. Salfi, 442 U.S. 749 (1975)). Exhaustion of administrative remedies prior to bringing a Title VII action is not a jurisdictional requirement. Edelman v. Lynchburg Coll., 300 F.3d 400, 403-04 (4th Cir. 2002); Zografov v. V.A. Med. Ctr., 779 F.2d 967, 969 (4th Cir. 1985); Aronberg v. Walters, 755 F.2d 1114, 1116 (4th Cir. 1985). Because an exhaustion defense is not jurisdictional, it can be waived. Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004) (holding that an exhaustion defense can be waived by failing to raise it). Therefore, we must reach the merits of Pueschel's claims.

IV.

In addition to granting the FAA's summary judgment motion on exhaustion grounds, the district court granted summary judgment on the merits of Pueschel's retaliation claim. Claims of retaliation are subject to the McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting analysis. See King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003).[3] In order to establish a prima facie case of retaliation, a plaintiff must show that: 1) she engaged in a protected activity; 2) the employer took a materially adverse action against her; and 3) there is a causal connection between the protected activity and the adverse action. Id.

The district court found that Pueschel failed to meet the second element of the retaliation claim because refusal to assist in the compilation of the information necessary to apply for "buy back" leave is not a "materially adverse" action. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004) (requiring plaintiff to demonstrate "significant detriment[]" to the terms, conditions, or benefits of employment) (internal quotation omitted)). Pueschel argues that the conduct she alleges is materially adverse because a

---

[3] Once a plaintiff has made out a prima facie case, the burden shifts to the defendant to offer a legitimate non-retaliatory reason for its actions. See King, 328 F.3d at 150-51. If the defendant is able to do this, the burden shifts back to the plaintiff to prove that the reason offered was a pretext for retaliation. Id.

reasonable person would have been deterred from engaging in protected activity if he or she knew in advance that the FAA's response to such activity would be to deny assistance in completing the complicated prerequisites to process an application for buy-back leave. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006) ("In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (internal citation and quotation marks omitted)).[4]

Yet, Pueschel does not demonstrate that the alleged conduct would have deterred a reasonable person from engaging in protected activity. To begin, Pueschel does not cite any statute, policy, or regulation to indicate that she is entitled to the type of detailed assistance she requested. Further, there is no indication that Pueschel was entitled to buy-back leave. Even if the FAA had acted with the utmost speed in assisting Pueschel in the compilation of her records, there is no guarantee that she would have been granted all or any of the

---

[4] The FAA argues that Burlington Northern does not extend to retaliation claims by federal employees. We need not address this argument because, assuming arguendo that Burlington Northern does apply, Pueschel still cannot establish a prima facie case.

9

leave she requested.  Moreover, there is evidence in the record that Pueschel already had in her possession copies of her time and attendance records.  As the Supreme Court notes in <u>Burlington Northern</u>, when we consider materially adverse action, "it is important to separate significant from trivial harms." <u>Id.</u> at 68.  We are not convinced that the adversity at issue here was material, given that we do not believe that Pueschel was entitled to the type of assistance or leave that she requested.  Therefore, we find that Pueschel cannot establish a <u>prima facie</u> case.

V.

Although, we find that the FAA waived its exhaustion defense, we agree with the district court that Pueschel's retaliation claim fails on the merits because she cannot establish a <u>prima facie</u> claim of retaliation.

AFFIRMED