**Luis MOLINA–ACOSTA, Plaintiff,**

v.

**MARTINEZ, et al., Defendants.**

**Civil No. 04–1578 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 29, 2005.

Luis Molina–Acosta, Boston, MA, pro se.

Isabel Munoz–Acosta, United States Attorney's Office, Cristina Martinez–Guzman, Gonzalez, Castaner & Morales Cordero, CSP, Roberto E. Ruiz–Comas, Gonzalez Villamil Law Office, San Juan, PR, for Defendants.

Mauricio Hernandez–Arroyo, Mauricio Hernandez Arroyo Law Office, Ponce, PR, for Amicus.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

This matter is before the Court upon defendants Dr. Antonio E. Sotolongo–Molina's (Docket No. 36) and Dr. Jorge David Rivera–Vargas' (Docket Nos. 17, 38, 48) Motions to Dismiss under Fed.R.Civ.P. 12(b)(6), and a Motion for Summary Judgment filed by defendants Correctional Officer Martínez, Physician Assistant José Miró, Physician Assistant Julio E. Maldonado, and deputy U.S. Marshal Fernando Díaz. (Docket No. 51). Prisoner plaintiff Luis Molina–Acosta filed the above captioned pro se action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging violations of his constitutional rights under the Eighth Amendment to the United States Constitution in that defendants inflicted upon him injuries and imposed upon him unnecessary and wanton infliction of pain through their acts and omissions with regards to medical treatment. (Docket Nos. 2, 24). Plaintiff seeks prospective injunctive relief as well as compensatory and punitive damages.

## PROCEDURAL BACKGROUND

On June 18, 2004, plaintiff Luis Molina–Acosta ("plaintiff"), a Dominican national, filed the instant pro se complaint against a correctional officer employed by the Federal Bureau of Prison's (BOP) Metropolitan Detention Center (MDC), in Guaynabo, Puerto Rico, a deputy U.S. Marshal, and various medical doctors. Plaintiff claims he suffered injuries as a result of a series of acts and omissions while he was under BOP custody[1], including improper medical care, all of which contributed to

1. On June 5, 2003, plaintiff pled guilty to a one-count indictment charging him with re-entry into the United States after deportation in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2). *United States v. Molina Acosta*, Criminal No. 02–467(SEC) (Criminal Docket No. 35). He was sentenced to serve terms of 18 months of imprisonment and two years of supervised release, and to pay a Special Monetary Assessment of $100.00, judgment being entered accordingly on June 6, 2003. (Criminal Docket No. 36). Although no direct appeal was filed, on April 26, 2004, plaintiff moved for relief from his judgment of conviction and sentence pursuant to 28 U.S.C. § 2255. His pro se petition was denied on May 23, 2005. (*Molina Acosta v. United States*, Civil No. 04–1366) (Docket Nos. 15–16). Plaintiff did not appeal.

plaintiff's resulting paralysis and confinement to a wheelchair. Plaintiff also claims to have received further injuries resulting from the medical treatment administered following his paralysis. (Docket No. 2).[2]

Shortly prior to the filing of the instant complaint, on April 26, 2004, the BOP entertained plaintiff's administrative claim, deemed filed on October 29, 2003,[3] under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2672, and denied administrative settlement in Administrative Tort Claim Number TRT–SER–2004–00461. (Docket No. 2—attachment). The Office of the BOP Regional Counsel for the Southeast Region, relying on the two-year limitations period established by 28 U.S.C. § 2401 for bringing FTCA claims before a federal agency, denied plaintiff's claims for any negligence incurred prior to October 29, 2001. The Regional Counsel also denied claims based on allegations of medical care received by plaintiff from non-BOP medical staff, citing Section 1346(b)(1) of the FTCA, concluding that, "Section 2671 of Title 28, does not include government employee contractors or private persons not acting on behalf of a federal agency in an official capacity."

Plaintiff brought the civil suit now before the Court on June 18, 2004, approximately two months after the date of the BOP's April 2004 denial of his administrative tort claim.

On November 1, 2004, defendant Rivera–Vargas moved to dismiss the complaint on jurisdictional grounds. (Docket Nos. 17, 38, 48).

On November 4, 2004, plaintiff filed an Amended Complaint incorporating the allegations of the original complaint and also alleging discrimination based on his nationality. (Docket No. 24).

On November 10, 2004, the United States moved to dismiss the complaint as to defendants Fernández and Martínez on jurisdictional grounds. (Docket No. 25).

On December 17, 2004, motion to dismiss was also filed by defendant Sotolongo. (Docket No. 36).

On May 25, 2005, the United States moved for summary judgment on behalf of all federal defendants, to wit, Physician Assistant José Miró, Physician Assistant Julio E. Maldonado, Correctional Officer Martínez, and Deputy U.S. Marshal Fernando Díaz on the following grounds: the complaint is time-barred; plaintiff has failed to state an Eighth Amendment claim of deliberate indifference to his medical needs such as would be actionable under *Bivens;* claims against a "defendant Martínez" should be dismissed since no "officer Martínez" was assigned to plaintiff's housing unit at MDC Guaynabo on March 13, 1998; claims as to the medical assistance provided by defendants Physician Assistants Miró and Maldonado do not rise to an Eighth Amendment violation; claims against deputy U.S. Marshal Díaz must be dismissed inasmuch as he did not act with deliberate indifference to plaintiff's medical needs; all named federal defendants are entitled to qualified immunity. (Docket No. 51).

The motions to dismiss and for summary judgment remain unopposed.[4]

---

**2.** On August 3, 2004, the Court granted leave to proceed in forma pauperis. (Docket Nos. 5–6).

**3.** Plaintiff has submitted copy of a "Claim for Damage, Injury, or Death" (SF–95), signed and dated October 22, 2003, as an attachment to the Complaint. The BOP's letter of denial

of his claim, dated April 26, 2004 and signed in original by BOP Regional Counsel Linda Sunderman, is also attached to the Complaint.

**4.** In the end, the Court finds the Complaint time-barred. The Court notes that it would be well within its authority to enter judgment

## FACTUAL BACKGROUND[5]

On March 13, 1998, plaintiff was scheduled to appear in Court. BOP Correctional Officer Martínez informed plaintiff that his prescription medication for epilepsy would be given to the U.S. Marshals transporting him to Court for administration during the day. However, when plaintiff inquired as to the medication, the U.S. Marshals informed that they did not have it. Plaintiff then advised the U.S. Marshals that he was in risk of epileptic seizures should he not ingest the medication.

As predicted by plaintiff, he suffered seizures while in the holding cell, and when he "awoke," plaintiff found himself at the Hospital Metropolitano under the care of Doctors Miró, Maldonado, and Rivera–Vargas. Plaintiff also discovered that he had mistakenly undergone prostate surgery,[6] and that tubes had been inserted into his bladder and lungs. A nerve was severed during the procedures, and plaintiff has been paralyzed and confined to a wheelchair ever since. Also, his left lung collapsed and was rendered "unrepairable."

Plaintiff also underwent insertion of a urinary Foley catheter. On March 14, 2003, during a change of catheter at MDC Guaynabo, Dr. Maldonado removed the Foley catheter and replaced it with one of larger circumference, resulting in pain, discomfort, and bloody urine. Three days later, on March 17, 2003, Dr. Miró provided plaintiff with a "kit" so he could change his own catheter yet, on the same day, again inserted an oversized catheter which damaged plaintiff's urethra and rendered him unconscious due to blood loss. Thereafter, on March 28, 2003, plaintiff underwent surgery at the Hospital Metropolitano under the care of Dr. Rivera Vargas to repair the urethra and stop the internal bleeding.

On April 13, 17, and 25, 2003, Doctors Miró and Maldonado subjected plaintiff to three additional surgical procedures to repair the injuries resulting from the original procedures. As a result of the surgeries, plaintiff was needlessly subjected to a painful and uncomfortable urinary Foley catheter insertion which was incorrectly performed, resulting in additional injury as a result of which plaintiff was rendered unable to control his bladder and sexually impotent. The surgeons were still unable to repair plaintiff's severed nerve in the leg.

based on plaintiff's disregard of Local Civil Rule 56(c) (providing that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts ..."). We recognize that some courts have held "that a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment [ ... ] The rule applies with equal force when affidavits are submitted in support of a motion to dismiss under Rule 12(b)(6)." *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982). *See also, Id., citing Hudson v. Hardy* 412 F.2d 1091, 1094 (D.C.Cir.1968) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975); and, *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir.1996)(per curiam), quoted in *Leach v. Dufrain*, 103 F.Supp.2d 542, 545 (N.D.N.Y.2000). However, our search has led us to no such rule within the First Circuit.

5. The Court summarizes the facts as alleged in the original and amended complaints, and the pleadings submitted by plaintiff.

6. In the "Claim for Damage, Injury, or Death" (SF–25) submitted to the BOP, plaintiff alleged that, upon subjecting him to these surgical procedures, the doctors "operated on the wrong patient." He alleges that U.S. Marshals were present during the surgery, yet did not question the correctness of the performance of prostate surgery as a result of epileptic seizures.

Plaintiff also suffered an accident on December 31, 2002, when he tried to get out of bed to empty a urine bag and fell, fracturing his right index finger. His finger was never repaired and is now deformed.

## STANDARD OF REVIEW

### 1. *Bivens and FTCA Standard*

■ Under *Bivens,* "a person may sue a federal official in his or her individual capacity for damages arising out of a constitutional violation committed under color of federal law." *Santoni v. Potter,* 369 F.3d 594, 598 (1st Cir.2004). The Supreme Court further established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). However, a federal prisoner may only bring a *Bivens* claim against a Bureau of Prisons officer in his individual capacity, but in the absence of a waiver, the doctrine of sovereign immunity prevents the prisoner from bringing a *Bivens* claim against the officer in his official capacity as an employee of the United States or against the Bureau of Prisons. *Correctional Services Corporation v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). The Supreme Court declined to extend the implied damages action recognized in *Bivens* to allow recovery against a private corporation acting under color of federal law. *Id.*

In 30 years of *Bivens* jurisprudence we have extended its holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, we have consistently rejected invitation to extend *Bivens* . . .

*Id.,* at 70, 122 S.Ct. 515 (emphasis in the original).

■ *Bivens* actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Garrett v. Fleming,* 362 F.3d 692, 697 (10th Cir.2004).

■ On the other hand, the FTCA waives the sovereign immunity of the United States with respect to tort claims, *see* 28 U.S.C. § 2674, and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment. *See* 28 U.S.C. § 2679. In order to bring a tort claim against the United States under the FTCA, a claimant must first file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. *See* 28 U.S.C. §§ 2401(b), 2675. *Román v. Townsend,* 224 F.3d 24, 27 (1st Cir.2000); *see e.g.,* Jayson & Longstretch, 3 *Handling Federal Tort Claims* § 14.01 (Matthew Bender 1963). The FTCA requires that suits be filed within six months of the administrative decision, regardless of state procedural law. *Kinson v. United States,* 322 F.Supp.2d 684, 686–87 (E.D.Va. 2004).

### 2. *Motion to Dismiss Standard*

■ Because plaintiff appears *pro se,* the Court reads his complaint generously. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S.

948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). As such, dismissal is not appropriate unless it can be said "with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.,* at 520–21, 92 S.Ct. 594.

28 U.S.C. § 1915(e)(2), authorizes the Court to dismiss a claim filed *in forma pauperis* at any time "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Denton v. Hernández,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

■ Pro se civil rights complaints, however liberally construed, must still be sufficient to state a claim. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

When deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), on the other hand, the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in plaintiff's favor. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). Dismissal is thus appropriate if the facts alleged, taken as true, do not justify recovery.

■ Although all inferences must be made in plaintiffs' favor, the Court need not "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *Lawson v. Liburdi,* 114 F.Supp.2d 31, 36 (D.R.I.2000), *citing United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must limit its focus to the allegations of the complaint. *Litton Industries, Inc. v. Co-*

*lón,* 587 F.2d 70, 74 (1st Cir.1978). Fed. R.Civ.P. Rule 12(b) provides that a motion to dismiss shall be treated as one for summary judgment and disposed of accordingly when a party relies on matters outside the record.

### 3. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

## DISCUSSION

### 1. *Bivens Claim*

According to the cover letter to the complaint, plaintiff's filing of the instant action under *Bivens* purportedly "flows from the denial of a tort action brought against the Federal Bureau of Prisons." In the body of the complaint, however, plaintiff characterizes the suit as a "civil complaint for damages." In a pleading entitled "Presentation of Parties . . .," also attached to the complaint, plaintiff unequivocally argues in favor of the timeliness of the presentation of both "his federal tort claim and the prosecution of the instant Bivins (sic) action."

As noted earlier, under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two (2) years of the accrual of the claim and then file a tort claim against the United States within six (6) months after a denial of (or failure to act upon) that claim by the administrative agency. The requirement that suits under the FTCA be properly filed within 6 months of an agency's denial of the administrative claim is subject to strict construction. *Kinson*, 322 F.Supp.2d at 686–87. Moreover, "it is federal law, not state law, that defines the limitations period." *Id.*, at 686.

In addition, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States. 28 U.S.C. §§ 1346(b), 2674, 2679(a). *Román*, 224 F.3d at 27. The United States is not a defendant in this suit. Instead, plaintiff has brought suit solely against individual defendants acting under color of federal law, alleging deliberate indifference to his medical needs which, in plaintiff's own words, "deprived [him] of his Eighth Amendment rights to proper medical care." (Docket No. 2— attachment to Complaint entitled "Presentation of Parties . . ." at 1A § 2). Accordingly, we decline to consider the complaint as one filed pursuant to the FTCA.

Having determined that plaintiff has brought suit under *Bivens*, we turn to the question of jurisdiction. There is no doubt that subject matter jurisdiction lies before the Court. The question remains whether plaintiff timely presented his claims.

We take into consideration the following crucial dates and events:

*Date* *Event*

| | |
|---|---|
| August 25, 1997 | • Plaintiff admitted to MDC Guaynabo as pre-trial inmate. |
| October 16, 1998 | • Plaintiff escorted by USMS from MDC Guaynabo to Courthouse and subsequently admitted at Hospital Metropolitano due to abdominal pain. Surgerical procedures performed at hospital by contract physician. |
| December 23, 1998 | • Plaintiff discharged from Hospital Metropolitano and readmitted to MDC Guaynabo. |
| March 10, 1999 | • Plaintiff transferred and admitted to CCC Miami en route to MRC Springfield in Missouri. |
| March 12, 1999 | • Plaintiff admitted to MRC Springfield. |
| April 5, 2000 | • Plaintiff released from BOP custody. |
| November 25, 2002 | • Plaintiff detained by INS for SRT violation and housed at MDC Guaynabo. |
| December 12, 2002 | • Plaintiff's custody transferred from INS to USMS; he remained at MDC Guaynabo. |
| December 31, 2002 | • Plaintiff evaluated by MDC Guaynabo medical staff for trauma to right thumb. |
| March 14, 2003 / March 17, 2003 | • Foley Catheter insertions at MDC Guaynabo's Health Unit by P.A. Maldonado on March 14, and by P.A. Miró on March 17. Condition evaluated by MDC Clinical Director and plaintiff referred to Hospital Metropolitano. |
| March 18, 2003 / March 23, 2003 | • Surgery performed by contract physician at Hospital Metropolitano. |
| March 26, 2003 | • Plaintiff released from hospital and returned to MDC Guaynabo. |
| March 31, 2003 | • Out-patient evaluation of plaintiff by urologist at Hospital Metropolitano. |
| April 2, 2003 | • Foley catheter removal by MDC medical staff refused by plaintiff. |
| April 30, 2003 | • Plaintiff allowed Foley catheter change by MDC medical staff. |
| June 11, 2003 | • Plaintiff complained of pain during Foley catheter change by MDC medical staff. Staff removed catheter and plaintiff self-catheterized. |
| August 19, 2003 | • Plaintiff transferred to FMC Devens. |
| October 29, 2003 | • BOP Administrative Tort Claim Number TRT–SER–2004–00461 filed. |
| April 26, 2004 | • BOP Administrative Tort Claim Number TRT–SER–2004–00461 denied. |
| June 10, 2004 | • Original Complaint in Civil Case 04–1578(JAG) (date of mailing). |
| October 26, 2004 | • Amended Complaint (date of signature). |
| January 12, 2005 | • Inmate custody transferred to ICE pending deportation. |

▮ The statute of limitations on a *Bivens* claim in Puerto Rico is one year. 31 L.P.R.A. § 5298(2). Although state law determines the applicable limitations period, federal law governs when the *Bivens* claim "accrues." *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.), *reh'g en banc denied,* 251 F.3d 159, *cert. denied,* 534 U.S. 820, 122 S.Ct. 53, 151 L.Ed.2d 23 (2001). A cause of action accrues under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Brown v. Nationsbank Corp.,* 188 F.3d 579, 589–90 (5th Cir. 1999), *cert. denied,* 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1004 (2000). Plaintiff alleges that his injuries stem from a surgery performed by a BOP contract physician at Hospital Metropolitano on October 16, 1998, in which he allegedly was the "wrong patient." Therefore, plaintiff knew, or had reason to know, of the injuries stemming from said surgery, and which are part of the basis of the action

now before the Court, on the very same day of that surgery. Therefore, his *Bivens* claims stemming from this event accrued on October 16, 1998, and the applicable statute of limitations expired one year later, on October 16, 1999.

Plaintiff underwent additional surgery, also performed by a BOP contract physician at Hospital Metropolitano, between March 18, 2003 and March 23, 2003. According to plaintiff, these surgeries were an "attempt to correct the mishap" of the 1998 surgery. Plaintiff characterizes himself as "generous" in that he waited 6 months (from April to October 2003) prior to filing an Administrative Tort Claim on October 23, 2003, to allow for "recovery time." It stands to reason that plaintiff knew or had reason to know of the injuries stemming from said surgery, and which are also a part of the basis of the action now before the Court, on the very same day of that surgery. Therefore, his *Bivens* claims from this event accrued on March 23, 2003, and the applicable statute of limitations expired one year later on March 23, 2004.

Although plaintiff's *Bivens* complaint stemming from the 2003 events was due on or before March 23, 2004, he did not deliver it to prison authorities for mailing until June 10, 2004, close to three months after the applicable statute of limitations expired.

Plaintiff filed an Administrative Tort Claim on October 23, 2003. We note that his submission is far from accurate and makes reference to acts which occurred on the years 1998, 2002, and 2003. The administrative claim itself was filed approximately five (5) years after the 1998 surgery which rendered him paralyzed due to a severed leg nerve, and an FTCA claim pursuant thereto would have been rendered untimely. The question remains whether the statute of limitations was equitably tolled as to the events which occurred on 2002.

 Having determined that the complaint was brought pursuant to *Bivens*, and having examined the record and the applicable case law, we now resolve that the administrative proceeding pursuant to the FTCA did not equitably toll the limitations period to present a *Bivens* complaint. We detail our findings below, approaching the issue of tolling with trepidation, mindful that "[t]he Supreme Court of Puerto Rico has stated that in view of the importance of the institution of 'extinctive prescription' in the civil law traditions, tolling provisions must be interpreted restrictively against the person invoking their protection." *Rodríguez Narvaez v. Nazario*, 895 F.2d 38, 43 (1st Cir.1990), citing *Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 P.R.R. 602, 607–608 n. 1 (1980).

As stated beforehand, the limitations period applicable to *Bivens* actions is determined by state law. *Piotrowski*, 237 F.3d at 576. Ever since the Spanish–American war it has been the law of Puerto Rico that the limitations period for tort actions, or obligations arising from fault or negligence, is the one year limitations period provided by Article 1868(2) of the Civil Code, 31 L.P.R.A. § 5298(2). *Rodríguez Narvaez*, 895 F.2d at 42, citing *De León Otero v. Rubero*, 820 F.2d 18, 19 (1st Cir. 1987). The specific tolling provisions prescribed by Puerto Rican law ... are found in Article 1873 of the Civil Code, 31 L.P.R.A. § 5303, which states: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act or acknowledgement of the debt by the debtor." *Rodríguez Narvaez*, 895 F.2d at 43–44.

 Federal prisoners suing under *Bivens* ... must first exhaust inmate

grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Although plaintiff would be entitled to equitable tolling for the time spent exhausting the appropriate BOP administrative remedies, *see e.g., Harris v. Hegmann,* 198 F.3d 153, 158 (5th Cir.1999), there is no indication that plaintiff exhausted the BOP administrative remedies under the BOP Administrative Remedy Program, 28 C.F.R. §§ 542.10 *et seq.,* such as would have triggered equitable tolling. The filing of an administrative tort claim by a prisoner does not excuse the prisoner's failure to meet the separate exhaustion requirements for a *Bivens* claim under the [Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ]. *Nwaokocha v. Sadowski,* 369 F.Supp.2d 362, 368 (E.D.N.Y.2005). Thus, plaintiff's decision to instead file an Administrative Tort Claim pursuant to the FTCA is determinative as tolling is effective with regard only to identical causes of action. The statute of limitations is not tolled for all claims arising out of the same facts. *Rodríguez Narvaez,* 895 F.2d at 43, citing *Ramírez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, 319–20 (1st Cir.1978), and *Fernández v. Chardón,* 681 F.2d 42, 49 (1st Cir.1982).

Within this frame, the Court finds that the administrative claim filed on October 22, 2003, was not only brought well after the Puerto Rico statute of limitations had run as to the 1998 surgery, but that claims for common law torts by the United States brought under the FTCA and claims for deprivation of constitutional rights under color of federal law pursuant to *Bivens* do not constitute identical causes of action. Thus, the Court concludes that the Administrative Tort Claim (SF–95) filed by plaintiff for common law torts by the United States did not toll the limitations period applicable to any claims under *Bivens.*

There is no indication that plaintiff was in any way inhibited from utilizing the appropriate administrative grievance procedures under the BOP Administrative Remedy Program.

As to the trauma to his right index finger as a result plaintiff's December 31, 2002 fall at MDC Guaynabo's Health Unit, it is undisputed that he initiated no administrative procedures whatsoever (under either *Bivens* or the FTCA) concerning this event. The medical records indicate that he received treatment for the trauma and suffered no fracture, contrary to what he claims in the complaint.

Based on this undisputed facts, these claims shall be dismissed.

## CONCLUSION

WHEREFORE, all premises considered, the Court hereby orders as follows: (1) defendants Dr. Antonio E. Sotolongo–Molina's (Docket No. 36) Motion to Dismiss is GRANTED; (2) Dr. Jorge David Rivera–Vargas' (Docket Nos. 17, 38, 48) Motions to Dismiss under Fed.R.Civ.P. 12(b)(6), which in accordance with the foregoing Opinion and Order the Court has jointly considered as a motion for summary judgment, are GRANTED; (2) the Motion for Summary Judgment filed by defendants Correctional Officer Martínez, Physician Assistant José Miró, Physician Assistant Julio E. Maldonado, and deputy U.S. Marshal Fernando Díaz. (Docket No. 51) is GRANTED; (3) the Clerk is directed to close this case for all statistical purposes. Judgment shall be entered accordingly dismissing the complaint and amended complaint (Docket Nos. 2 and 24) with prejudice.

IT IS SO ORDERED.