Candelario QUINTANA–MARTINEZ,
Plaintiff

v.

Rosa Emilia RODRIGUEZ–VELEZ,
Executive Assistant U.S.
Attorney, Defendant.

Civil No. 03–1716 (JP).

United States District Court,
D. Puerto Rico.

Aug. 8, 2007.

Candelario Quintana–Martínez, Esq., Winston, NC, pro se.

Isabel Muñoz–Acosta, Esq., U.S. Attorney's Office—District of P.R., San Juan, PR, for Defendant.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

The Court has before it Defendant Rosa Emilia Rodríguez–Vélez's ("Rodríguez") motion to dismiss (No. 16). Plaintiff Candelario Quintana–Martínez ("Quintana") did not oppose the motion to dismiss. In his Complaint, Plaintiff Quintana alleges that Defendant Rodríguez violated Plaintiff's right to due process by failing to provide him with information relating to his indictment on February 12, 1992, for intent to distribute narcotics. Defendant Rodríguez moves the Court to dismiss Plaintiff's complaint, arguing that Plaintiff's claim fails because it is time barred. For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss (No. 16).

### I. FACTUAL ALLEGATIONS

Plaintiff was arrested by the United States Coast Guard on a vessel eleven miles south of Guayama, Puerto Rico, on February 2, 1992. He was indicted for intent to distribute cocaine and marijuana on February 12, 1992. On May 12, 1992, Plaintiff entered into a plea agreement with the United States Attorney's Office, represented by Defendant. Plaintiff was sentenced to a term of not less than ten years and a maximum of life imprisonment.[1] Plaintiff is currently serving his

---

1. The Complaint does not specify these facts.

This information is drawn from the indict-

sentence at Low Security Correctional Institution in Butler, North Carolina. Plaintiff alleges in his Complaint that he requested information from the United States government relating to the quantity of narcotics seized from him. Plaintiff alleges that this Court ordered the government to release information regarding the quantity of narcotics seized.[2] He alleges that the government failed to comply with this order, and, as a result, drug dealers in Colombia, Plaintiff's country of origin, believed that Plaintiff had stolen for himself a portion of their narcotics. Plaintiff further alleges that due to his inability to provide to the drug dealers with information as to the quality of narcotics the government seized from him, his son and brother-in-law were murdered in Colombia,[3] and other members of his family were threatened.

## II. *LEGAL STANDARD FOR MOTIONS TO DISMISS*

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be estab-

lished consistent with the allegations." *González–Pérez v. Hospital Interamericano de Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. *ANALYSIS*

▮▮▮ Plaintiff Quintana brought this action under Section 1983, alleging violations of his Fifth Amendment rights under the United States Constitution. The appropriate basis for suit, however, is *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because Defendant Rodríguez is a federal official and *Bivens* is the applicable case for analysis when federal officials are parties. Although *Bivens* actions have no established statutory limitations period, in analogous situations involving suits against state officials, adjudicated under 42 U.S.C. Section 1983, it has long been settled that federal courts should apply the statute of limitations of the most closely analogous state cause of action. *Afanador v. U.S. Postal Service*, 787 F.Supp. 261 (D.P.R. 1991), *accord Roman v. Townsend*, 224 F.3d 24 (1st Cir.2000). This Court has held that like Section 1983 suits, *Bivens* actions are considered as personal injury claims and subject to the same statute of limitations and tolling laws as the state where the alleged injury occurred. *See Molina–Acosta v. Martínez*, 392 F.Supp.2d 210 (D.P.R.2005). In this jurisdiction the appropriate statute of limitations for a Section 1983 claim is Puerto Rico's one-year period governing tort actions. *See López–González v. Municipality of Comer-*

---

ment and plea agreement, both filed with this Court in 1992 pursuant to Plaintiff's criminal proceedings.

**2.** Plaintiff did not submit a copy of said order as an exhibit to his Complaint.

**3.** Some documents indicate that Plaintiff's son and brother-in-law were murdered, while others indicate that it was his daughter who was murdered.

*io*, 404 F.3d 548, 551 (1st Cir.2005); *Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 174 (1st Cir.1997). The forum state's tolling rules apply unless they are inconsistent with federal law, or with federal policy underlying Section 1983. *See Fernández v. Chardón*, 681 F.2d 42, 49–50 (1st Cir. 1982).

A civil rights action accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. *Lafont–Rivera v. Soler–Zapata*, 984 F.2d 1, 3 (1st Cir.1993); *Edwards v. Sotomayor*, 557 F.Supp. 209, 214 (D.P.R. 1983). In this case, the basis of Plaintiff Quintana's claim is Defendant Rodríguez's failure to provide information about the quantity of narcotics seized after his arrest in February 1992. However Plaintiff's Complaint fails to specify when the Court in the criminal case allegedly ordered the United States to provide Plaintiff with this information, and Plaintiff did not submit a copy of said order. The dates provided by Defendant in both the motion to dismiss and the supporting documentation relating to Defendant's 1992 arrest reveal that Plaintiff entered into a plea agreement with the United States Attorney's Office on May 12, 1992. The Court will use this date as the date when Plaintiff would have become aware that the government failed to indicate the quantity of narcotics seized. Clearly, if the government did not indicate the amount of narcotics seized in the plea agreement, Plaintiff should have known because he was a signatory to the agreement. Measured from the May 12, 1992 date, Plaintiff's claim expired on May 12, 1993.

Even if Plaintiff was not aware of the quantity deficiency at the time of the plea agreement, the latest possible date the statutory period could have begun is when Plaintiff's son [4] died on November 11, 1992, from injuries sustained in an attack on October 31, 1992. Plaintiff's son's death was allegedly a result of the failure by the Government to indicate the quantity of narcotics seized from Plaintiff. If, as Plaintiff alleges, the death of his son was a result of his murderers' belief that Plaintiff had stolen their narcotics, Plaintiff was made aware of this when his son was murdered for said reason. Plaintiff alleges that he needed the information as to the quantity of narcotics seized to prevent the murder of his family. Under these facts, the statutory period would have expired on October 31, 1992, or at the latest, on November 11, 1992, a year from the date of Plaintiff's son's death. *See Lafont–Rivera v. Soler–Zapata*, 984 F.2d 1, 4 (1st Cir. 1993) (dismissing plaintiff's due process claim brought under Section 1983 as time barred based on Puerto Rico's one-year statute of limitations governing tort actions); *Solís–Alcarón v. United States*, 432 F.Supp.2d 236 (D.P.R.2006).

Measured from any of the 1992 dates, the statutory period for the instant claim, which was filed on June 11, 2003, more than ten years after the signing of the plea agreement and alleged beating and death of Plaintiff's son, is time barred and must be dismissed with prejudice.

**IT IS SO ORDERED.**

---

4. Information as to the alleged death of Plaintiff's daughter, including the date, are not provided by Plaintiff.